## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA STANTON and<br>STEVEN STANTON<br>12 Billings Park<br>Newton, MA 02458 | )<br>)<br>)<br>)<br>) |
|          Plaintiffs, | ) **CIVIL ACTION** _____<br>)<br>) |
| vs. | )<br>) |
| ELI LILLY AND COMPANY,<br>Lilly Corporate Center<br>Indianapolis, IN 46285 | ) **DEFENDANT ELI LILLY AND**<br>) **COMPANY'S NOTICE OF**<br>) **REMOVAL OF CIVIL ACTION**<br>) |
| and | )<br>) |
| ABBOTT LABORATORIES, INC.<br>100 Abbott Park Road<br>Abbott Park, IL 60064<br>w/s/o CT CORPORATION<br>1025 Vermont Avenue, N.W.<br>Washington, D.C. 20005 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| BRISTOL-MEYERS SQUIBB COMPANY<br>as successor to E.R. Squibb & Sons, Inc.<br>P.O. Box 4500<br>Princeton, NJ 08543<br>w/s/o CT CORPORATION<br>1025 Vermont Avenue, N.W.<br>Washington, D.C. 20005 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| DART INDUSTRIES, INC.,<br>as successor to Rexall Drug Co., Inc.<br>c/o Sheila Ann Marie Moeller, Esq.<br>Gilbride, Tusa, Last & Spellane, LLC<br>31 Brookside Drive<br>Greenwich, CT 06830 | )<br>)<br>)<br>)<br>)<br>)<br>) |

144590v1

and                                                )
                                                   )
**ELAN PHARMACEUTICALS, INC.**                     )
**as successor to Carnick Laboratories, Inc.**     )
**w/s/o National Registered Agents, Inc.**         )
**1090 Vermont Avenue, N.W., #910**                )
**Washington, D.C. 20005**                         )
                                                   )
and                                                )
                                                   )
**GLAXOSMITHKLINE**                                )
**a successor to S.E. Massengill Co. and**         )
**Burroghs-Wellcome Co.**                          )
**5 Moore Drive**                                  )
**Research Triangle Park, NC 27709**               )
**w/s/o GLAXOSMITHKLINE**                          )
**1500 K Street, N.W.**                            )
**Washington, D.C. 20036**                         )
                                                   )
and                                                )
                                                   )
**KREMERS-URBAN CO.**                              )
**6140 E. Executive Drive**                        )
**Mequon, WI 53092**                               )
**w/s/o JACKSON & CAMPBELL, P.C.**                 )
**1120 20th Street, N.W., Suite 300**              )
**Washington, D.C. 20036**                         )
                                                   )
and                                                )
                                                   )
**LANNETT COMPANY, INC.**                          )
**w/s/o Fox & Rothschild**                         )
**2000 Market Street**                             )
**Philadelphia, PA 19103-3291**                    )
                                                   )
and                                                )
                                                   )
**MALLINCKRODT, INC.**                             )
**675 McDonnell Boulevard**                        )
**St. Louis, MO 63402**                            )
                                                   )
and                                                )
                                                   )
**MERCK & CO., INC.**                              )
**P.O. Box 4**                                     )
**West Point, PA 19486**                           )

144590v1

**w/s/o CT CORPORATION**                          )
**1025 Vermont Avenue, N.W.**                     )
**Washington, D.C. 20005**                        )
                                                  )
**and**                                           )
                                                  )
**ORTHO-MCNEIL PHARMACEUTICALS**                  )
**As successor to McNeil Lab, Inc.**              )
**1000 U.S. Highway 202**                         )
**Raritan, NJ 08869**                             )
                                                  )
**and**                                           )
                                                  )
**PERSON & COVEY, INC.**                          )
**616 Allen Avenue**                              )
**Glendale, CA 91221**                            )
                                                  )
**and**                                           )
                                                  )
**PREMO PHARMACEUTICAL**                          )
**LABORATORIES, INC.**                            )
**w/s/o Corporation Trust Co.**                   )
**820 Bear Tavern Road**                          )
**West Trenton, NJ 08628**                        )
                                                  )
**and**                                           )
                                                  )
**PHARMACIA and UPJOHN COMPANY**                  )
**(aka THE UPJOHN COMPANY)**                      )
**100 Route 206 North**                           )
**Peapack, NJ 07977**                             )
**w/s/o CT CORPORATION**                          )
**1025 Vermont Avenue, N.W.**                     )
**Washington, D.C. 20005**                        )
                                                  )
**and**                                           )
                                                  )
**ROWELL LABORATORIES, INC.**                     )
**As successor to Solvay Pharmaceuticals, Inc.**  )
**c/o T.H. Rowell, Jr., President**               )
**210 Main Street West**                          )
**Baudette, MN 56623**                            )
                                                  )
**and**                                           )
                                                  )
**SANOFI AVENTIS**                                )

144590v1

As successor to William H. Rorer, Inc.    )
55 Corporate Drive                          )
Bridgewater, NJ 08807                       )
                                            )
                          Defendants.       )
_____    )

## DEFENDANT ELI LILLY AND COMPANY'S
## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and

1446, notices the removal of this action from the Superior Court of the District of Columbia,

Civil Division, to this Court. The grounds for removal are as follows:

### INTRODUCTION

1.      On December 14, 2007, plaintiffs filed this case against Lilly, Abbott

Laboratories, Inc. ("Abbott"), Bristol-Myers Squibb Company ("Squibb"), Dart Industries, Inc.

("Dart"), Elan Pharmaceuticals, Inc. ("Elan"), GlaxoSmithKline ("Glaxo"), Kremers-Urban Co.

("Kremers-Urban"), Lannett Company, Inc. ("Lannett"), Mallinckrodt, Inc. ("Mallinckrodt"),

Merck & Co., Inc. ("Merck"), Ortho-McNeil Pharmaceuticals ("Ortho"), Person & Covey, Inc.

("Person & Covey"), Premo Pharmaceutical Laboratories, Inc. ("Premo"), Pharmacia and

Upjohn Company ("Upjohn"), Rowell Laboratories, Inc. ("Rowell"), and Sanofi Aventis

("Sanofi"). The action is styled as *Patricia Stanton and Steven Stanton  v. Eli Lilly and*

*Company, et al.*, Civil Action No. 008152-07, in the Superior Court of the District of Columbia,

Civil Division. In her Complaint, plaintiff Patricia Stanton alleges that her *in utero* exposure to

diethylstilbestrol ("DES") caused uterine and cervical malformations, ectopic pregnancy,

miscarriage, and infertility and that she incurred medical expenses for care and treatment,

suffered physical and mental pain, and was deprived of the family she desired. *See* Complaint at

¶ 6.

4

144590v1

2.      Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A**.

## NOTICE OF REMOVAL IS TIMELY

3.      Plaintiffs served the Complaint in this action on Lilly on December 18, 2007.  The Complaint was the first pleading that Lilly received setting forth the claims for relief on which this action is based.    Thus, the filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction.  This Notice of Removal is timely.

## DIVERSITY JURISDICTION EXISTS

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332.  This case may be removed pursuant to 28 U.S.C. § 1441 because, as is explained in full below, this case is a civil action that involves a controversy between citizens of different states and in which the amount in controversy, exclusive of interest and costs, exceeds $75,000.  This action is being removed to the District Court for the district where the action is pending.

5.      Title 28 U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Plaintiffs filed this action in the Superior Court of the District of Columbia.  No defendant in this action is a citizen of the District of Columbia.

6.      Upon information and belief, plaintiff is a citizen of Massachusetts.  *See* caption of plaintiff's Complaint, listing plaintiff's residence in Newton, Massachusetts.

7.      Lilly is a corporation organized under the laws of the State of Indiana, and Lilly's principal place of business is located in Indiana.  Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

144590v1

8.      Abbott is a corporation organized under the laws of the State of Illinois, and Abbott's principal place of business is located in Illinois.  Pursuant to 28 U.S.C. § 1332(c)(1), Abbott is a citizen of Illinois.  Based upon information and belief, Abbott has not been served with a summons or complaint in this action.

9.      Squibb is a corporation organized under the laws of the State of Delaware, and Squibb's principal place of business is located in New York.  Pursuant to 28 U.S.C. § 1332(c)(1), Squibb is a citizen of Delaware and New York.  Squibb has consented to removal.  *See* Squibb Consent to Removal attached hereto as **Exhibit B**.

10.     Dart is a corporation organized under the laws of the State of Delaware, and Dart's principal place of business is located in Florida.  Pursuant to 28 U.S.C. § 1332(c)(1), Dart is a citizen of Delaware and Florida.  Dart has consented to removal.  *See* Dart Consent to Removal attached hereto as **Exhibit C**.

11.     Elan is a corporation organized under the laws of the State of Delaware, and Elan's principal place of business is located in California.  Pursuant to 28 U.S.C. § 1332(c)(1), Elan is a citizen of Delaware and California.  Based upon information and belief, Elan has not been served with a summons or complaint in this action.

12.     Glaxo is a corporation organized under the laws of the State of Pennsylvania, and Glaxo's principal place of business is located in Pennsylvania.  Pursuant to 28 U.S.C. § 1332(c)(1), Glaxo is a citizen of Pennsylvania.  Based upon information and belief, Glaxo has not been served with a summons or complaint in this action.

13.     Kremers-Urban is a corporation organized under the laws of the State of Wisconsin, and Kremers-Urban's principal place of business is located in Wisconsin.  Pursuant

144590v1

to 28 U.S.C. § 1332(c)(1), Kremers-Urban is a citizen of Wisconsin. Based upon information and belief, Kremers-Urban has not been served with a summons or complaint in this action.

14.    Lannett is a foreign corporation, and Lannett's principal place of business is located in Pennsylvania. Pursuant to 28 U.S.C. § 1332(c)(1), Lannett is a citizen of Pennsylvania. Lannett has consented to removal. *See* Lannett Consent to Removal attached hereto as **Exhibit D**.

15.    Mallinckrodt is a corporation organized under the laws of the State of Delaware, and Mallinckrodt's principal place of business is located in Missouri. Pursuant to 28 U.S.C. § 1332(c)(1), Mallinckrodt is a citizen of Delaware and Missouri. Mallinckrodt has consented to removal. *See* Mallinckrodt Consent to Removal attached hereto as **Exhibit E**.

16.    Merck is a corporation organized under the laws of the State of New Jersey, and Merck's principal place of business is located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Merck is a citizen of New Jersey. Merck has consented to removal. *See* Merck Consent to Removal attached hereto as **Exhibit F**.

17.    Ortho is a corporation organized under the laws of the State of Delaware, and Ortho's principal place of business is located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Ortho is a citizen of Delaware and New Jersey. Based upon information and belief, Ortho has not been served with a summons or complaint in this action.

18.    Person & Covey is a corporation organized under the laws of the State of California, and Person & Covey's principal place of business is located in California. Pursuant to 28 U.S.C. § 1332(c)(1), Person & Covey is a citizen of California. Based upon information and belief, Person & Covey has not been served with a summons or complaint in this action.

144590v1

19. Premo is a corporation organized under the laws of the State of New Jersey, and Premo's principal place of business is located in Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Premo is a citizen of New Jersey and Connecticut. Premo has consented to removal. *See* Premo Consent to Removal attached hereto as **Exhibit G**.

20. Upjohn is a corporation organized under the laws of the State of Delaware, and Upjohn's principal place of business is located in Michigan. Pursuant to 28 U.S.C. § 1332(c)(1), Upjohn is a citizen of Delaware and Michigan. Upjohn has consented to removal. *See* Upjohn Consent to Removal attached hereto as **Exhibit H**.

21. Rowell is a corporation organized under the laws of the State of Minnesota, and Rowell's principal place of business is located in Minnesota. Pursuant to 28 U.S.C. § 1332(c)(1), Rowell is a citizen of Minnesota. Based upon information and belief, Rowell has not been served with a summons or complaint in this action.

22. Sanofi is a foreign corporation, and Sanofi's principal place of business is located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Sanofi is a citizen of New Jersey. Based upon information and belief, Sanofi has not been served with a summons or complaint in this action.

23. Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

24. In her Complaint, plaintiff seeks a total of $3,000,000 in compensatory damages from defendants. *See* Complaint at p. 8. Based on the damages sought by plaintiff, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

144590v1

## REMOVAL TO THIS DISTRICT

25.    Removal venue exists in the United States District Court for the District of Columbia because the Superior Court of the District of Columbia, Civil Division, is within the District of the District of Columbia.

26.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on the attorney for plaintiff, and a copy of this Notice will be promptly filed with the Clerk of the Superior Court for the District of Columbia, Civil Division. A copy of the Notice of Filing of Notice of Removal to Federal Court is attached hereto as **Exhibit I**.

27.    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and because the action is between citizens of different states.

28.    Lilly reserves all defenses including, without limitation, the defense of lack of personal jurisdiction.

29.    Lilly reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Lilly gives notice that the matter styled as *Patricia Stanton and Steven Stanton  v. Eli Lilly and Company, et al.*, Civil Action No. 008152-07, in the Superior Court of the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and Lilly requests that this Court retain jurisdiction for all further proceedings.

144590v1

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, NW Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON,  L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

10

144590v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of January, 2008, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC  20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA  22102
**Attorneys for Dart Industries, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD  21202
**Attorneys for Elan Pharmaceuticals, Inc.**

Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.**

Robert N. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W.
Washington, DC 20036
**Attorneys for Kremers-Urban Co.**

Kathleen M. Bustraan
Lord & Whip, P.A.
36 South Charles Street, 10th Floor
Baltimore, MD 21201
**Attorneys for Lannett Company, Inc.**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC  20005
**Attorneys for Merck & Co., Inc., Ortho-McNeil Pharmaceuticals and Pharmacia and Upjohn Company**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

Sarah S. Keast
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C.  20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

ROWELL LABORATORIES, INC.
c/o T. H. Rowell, Jr., President
210 Main Street West
Baudette, MN 56623

144590v1

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Avenue, Suite 220
Florham Park, NJ 07932
**Attorneys for Sanofi Aventis**

ATTORNEY FOR DEFENDANT
**ELI LILLY AND COMPANY**

144590v1

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

---

**I (a) PLAINTIFFS**

PATRICIA STANTON and STEVEN STANTON
12 Billings Park
Newton, MA 02458

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     Middlesex County
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN  46285

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT     Marion County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, DC 20036

ATTORNEYS (IF KNOWN)

John C. Coots
Michelle R. Mangrum
Shook, Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, DC  20005

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
      Plaintiff

○ 2 U.S. Government
      Defendant

○ 3 Federal Question
      (U.S. Government Not a Party)

◉ 4 Diversity
      (Indicate Citizenship of
      Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

◉ **B.** *Personal Injury/*
   *Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency*
   *Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
      Administrative Agency is Involved)

○ **D.** *Temporary Restraining*
   *Order/Preliminary*
   *Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

---

○ **E.** *General Civil (Other)*          **OR**          ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
      defendant
☐ 871 IRS-Third Party 26
      USC  7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
      of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
      Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
      Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
      Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
      Exchange
☐ 875 Customer Challenge 12 USC
      3410
☐ 900 Appeal of fee determination
      under equal access to justice
☐ 950 Constitutionality of State
      Statutes
☐ 890 Other Statutory Actions (if
      not administrative agency
      review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ● 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332; 28 U.S.C. 1441; 28 U.S.C. 1446. Plaintiff alleges personal injury due to mother's ingestion of pharmaceutical product.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 3,000,000 | Check YES only if demanded in complaint |
|---|---|---|---|
| | | JURY DEMAND: | YES ☒  NO ☐ |

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE January 4, 2008   SIGNATURE OF ATTORNEY OF RECORD  *John C. Coats*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

**EXHIBIT A**



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA** M. J. HARRINGTON
**CIVIL DIVISION**

DEC 21 2007

PATRICIA STANTON
    Vs.
ELI LILLY AND COMPANY

C.A. No.    2007 CA 008152 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge GERALD I FISHER
Date:  December 14, 2007
Initial Conference: 9:30 am, Friday, March 14, 2008
Location:  Courtroom 519
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

PATRICIA MCKOON, ET AL.

*Plaintiff*

vs.

ELI LILLY & COMPANY

*Defendant*

0006192-07

Civil Action No. _____

## SUMMONS

To the above named Defendant:

  You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

  You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
_____
Name of Plaintiff's Attorney

1320 Nineteenth St., NW, 5th Fl.

Washington, DC 20036
_____
Address

By _____
       Deputy Clerk

(202) 833-8040
_____
Telephone

Date _____ 12/14/07 _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTECHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~}

PATRICIA STANTON and                    }
STEVEN STANTON                          }
12 Billings Park                        }
Newton, MA 02458                        }
                                        }
        Plaintiffs,                     }
                                        } Civil Action No. 0 1 5 0 - 0 7
    v.                                  }
                                        }
ELI LILLY AND COMPANY                   }
Lilly Corporate Center                  }
Indianapolis, IN 46285                  }
    w/s/o NATIONAL REGISTERED AGENTS, INC. }
    1090 Vermont Avenue, N.W., #910     }
    Washington, DC 20005                }
                                        }
    and                                 }
                                        }
ABBOTT LABORATORIES, INC.               }
100 Abbott Park Road                    }
Abbott Park, IL 60064                   }
    w/s/o CT CORPORATION                }
    1025 Vermont Avenue, N.W.           }
    Washington, DC 20005                }
                                        }
    and                                 }
                                        }
BRISTOL-MYERS SQUIBB COMPANY            }
    as successor to E.R. Squibb & Sons, Inc. }
P.O. Box 4500                           }
Princeton, NJ 08543                     }
    w/s/o CT CORPORATION                }
    1025 Vermont Avenue, N.W.           }
    Washington, DC 20005                }
                                        }
    and                                 }
                                        }



RECEIVED
Civil Clerk's Office

DEC 1 4 2007

Superior Court of the
District of Columbia
Washington, D.C.

1

DART INDUSTRIES, INC.                                    }
    as successor to Rexall Drug Company, Inc.    }
    w/s/o Sheila Ann Marie Moeller, Esq.          }
    Gilbride, Tusa, Last & Spellane               }
    31 Brookside Drive                            }
    Greenwich, CT 06830                           }
                           }
    and                                           }
                           }

ELAN PHARMACEUTICALS, INC.                               }
    as successor to Carnrick Laboratories, Inc.  }
    w/s/o National Registered Agents, Inc.        }
    1090 Vermont Avenue, N.W., #910               }
    Washington, DC 20005                          }
                           }
    and                                           }
                           }

GLAXOSMITHKLINE,                                         }
    as successor to S.E. Massengill Co. and       }
    Burroughs-Wellcome Co.                        }
5 Moore Drive                                            }
Research Triangle Park, NC 27709                         }
    w/s/o GLAXOSMITHKLINE                         }
    1500 K Street, N.W.                           }
    Washington, DC 20036                          }
                           }
    and                                           }
                           }

KREMERS-URBAN CO.,                                       }
6140 W. Executive Drive                                  }
Mequon, WI 53092                                         }
    w/s/o JACKSON & CAMPBELL, P.C.                }
    1120 20$^{TH}$ Street, N.W., Suite 300        }
    Washington, DC 20036                          }
                           }
    and                                           }
                           }

LANNETT COMPANY, INC.                                    }
    w/s/o Fox & Rothschild                        }
    2000 Market Street                            }
    Philadelphia, PA 19103-3291                   }
                           }
    and                                           }
                           }

MALLINCKRODT, INC.                           }
675 McDonnell Boulevard                      }
Saint Louis, MO 63042                        }
                                             }
        and                                  }
                                             }
MERCK & CO., INC.                            }
P.O. Box 4                                   }
West Point, PA 19486                         }
        w/s/o CT CORPORATION SYSTEM          }
        1025 Vermont Avenue, N.W.            }
        Washington, DC 20005                 }
                                             }
        and                                  }
                                             }
ORTHO-MCNEIL PHARMACEUTICALS                 }
        as successor to McNeil Lab, Inc.     }
1000 U.S. Highway 202                        }
Raritan, NJ 08869                            }
                                             }
        and                                  }
                                             }
PERSON & COVEY, INC.                         }
616 Allen Avenue                             }
Glendale, CA 91221                           }
                                             }
        and                                  }
                                             }
PREMO PHARMACEUTICAL LABORATORIES, INC. }
        w/s/o Corporation Trust Co.          }
        820 Bear Tavern Road                 }
        West Trenton, NJ  08628              }
                                             }
        and                                  }
                                             }
PHARMACIA AND UPJOHN COMPANY                 }
100 Route 206 North                          }
Peapack, NJ  07977                           }
        w/s/o CT CORPORATION                 }
        1025 Vermont Avenue, N.W.            }
        Washington, D.C.  20005              }
                                             }
        and                                  }
                                             }

3

ROWELL LABORATORIES, INC.                          }
    as successor to Solvay Pharmaceuticals, Inc.    }
    c/o T.H. Rowell, Jr., President                }
    210 Main Street West                          }
    Baudette, MN 56623                            }
                                                   }
    and                                            }
                                                   }
SANOFI AVENTIS                                     }
    as successor to William H. Rorer, Inc.         }
55 Corporate Drive                                 }
Bridgewater, NJ 08807                              }
                                                   }
              Defendants.                    }

## COMPLAINT
### (DES Litigation – Products Liability, Punitive Damages)

1.  Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.  Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethystilbestrol ("DES") within the District of Columbia.

## COUNT I
### (Patricia Stanton - Negligent Failure to Warn)

3.  On or about 1954 and 1955, during her pregnancy with Plaintiff, the mother of the Plaintiff herein bought and ingested DES in New York. Her physician prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised DES throughout the United States and the State of New York.

4.  It was the duty of Defendants to adequately warn Plaintiff's mother and Plaintiff as to the risks of DES on to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

4

5.  Defendants negligently failed to adequately warn Plaintiff's mother and Plaintiff of DES risks as to safety and efficacy of DES.

6.  As a result of said negligence, Plaintiff was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resultant ectopic pregnancy, miscarriage, infertility, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

## COUNT II
### (Patricia Stanton - Negligent Failure to Test)

7.  All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

8.  Defendants had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

9.  Defendants negligently failed to test DES in any regard as to its safety and efficacy.

10. As a result of Defendants' said negligence, Plaintiff was injured as aforesaid.

## COUNT III
### (Patricia Stanton - Strict Liability)

11. All of the allegations contained in Count I and II are re-alleged and incorporated herein by reference.

12. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13. Defendants are engaged, or have been engaged, in the business of producing DES, and is, or have been, commercial manufacturers of said drug.

14. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

15. Said product was defective when placed on the market by Defendants. DES was sold by the Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

16. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

17. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

18. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT IV
### (Patricia Stanton - Breach of Warranty)

19. All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

20. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their

patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

21. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

22. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

23. As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

## COUNT V
### (Patricia Stanton - Misrepresentation)

24. All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

25. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

26. The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

27. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

7

28. As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

<div align="center">

**COUNT VI**
**(Steven Stanton – Loss of Consortium)**

</div>

All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

29. Plaintiff Steven Stanton is the husband of Plaintiff Patricia Stanton. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Steven Stanton has been deprived of the love, services and affection of his wife, Patricia Stanton.

**WHEREFORE,** Plaintiff Patricia Stanton demands judgment against Defendants, in the sum of Two Million Dollars ($2,000,000) and Plaintiff Steven Stanton demands the sum of One Million Dollars ($1,000,000), as compensatory damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Cooper #502149

1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
aaronlevinelaw@aol.com

Counsel for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____

Aaron M. Levine

**EXHIBIT B**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PATRICIA STANTON and STEVEN STANTON<br>12 Billings Park<br>Newton, MA 02458,<br><br>      **Plaintiffs,**<br><br>  **vs.**<br><br>ELI LILLY AND COMPANY, *et al.,*<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. _____<br>)<br>) SUPERIOR COURT NO. 2007 CA 008152 B<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S CONSENT TO REMOVAL

Defendant Bristol-Myers Squibb Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 008152 B), to this Court.

Sidney G. Leech

Goodell, Devries, Leech & Dann, L.L.P.

One South Street, 20th Floor

Baltimore, Maryland 21202

Telephone: (410) 783-4000

Facsimile: (410) 783-4040

144700v1

**ATTORNEYS FOR BRISTOL-MYERS**

**SQUIBB COMPANY**

144700v1

**EXHIBIT C**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA STANTON and STEVEN STANTON**<br>**12 Billings Park**<br>**Newton, MA 02458,** | )<br>)<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>)    CIVIL ACTION NO. _____ |
| **vs.** | )<br>)    SUPERIOR COURT NO. 2007 CA 008152 B<br>) |
| **ELI LILLY AND COMPANY,** *et al.,*<br>**Lilly Corporate Center**<br>**Indianapolis, IN 46285** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

### DEFENDANT DART INDUSTRIES, INC.'S CONSENT TO REMOVAL

Defendant Dart Industries, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 008152 B), to this Court.

      /s/ John F. Anderson
John F. Anderson, DC Bar No. 393764
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
Telephone: (703) 734-4334
Facsimile: (703) 734-4340

**ATTORNEYS FOR DART INDUSTRIES, INC.**

144621v1

**EXHIBIT D**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **PATRICIA STANTON and STEVEN STANTON** **12 Billings Park** **Newton, MA 02458,** | ) ) ) ) ) ) |
| **Plaintiffs,** | ) CIVIL ACTION NO. _____ ) |
| **vs.** | ) SUPERIOR COURT NO. 2007 CA 008152 B ) |
| **ELI LILLY AND COMPANY,** *et al.***,** **Lilly Corporate Center** **Indianapolis, IN 46285** | ) ) ) ) ) |
| **Defendants.** | ) |

## DEFENDANT LANNETT COMPANY, INC.'S
## CONSENT TO REMOVAL

      Defendant Lannett Company, Inc., with full reservation of any and all rights and

defenses, hereby consents to removal of the above-captioned action, which was originally filed

in the Superior Court of the District of Columbia (Case No. 2007 CA 008152 B), to this Court.


*Kathleen M. Bustraan (by permission /jW)*

Kathleen M. Bustraan, Bar No. 489749
Lord & Whip, P.A.
36 South Charles Street, 10th Floor
Baltimore, MD 21201
Telephone: (410) 539-5881

## ATTORNEYS FOR LANNETT COMPANY, INC.

144618v1

**EXHIBIT E**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA STANTON and STEVEN STANTON**<br>**12 Billings Park**<br>**Newton, MA 02458,**<br><br>       **Plaintiffs,**<br><br>   **vs.**<br><br>**ELI LILLY AND COMPANY**, *et al.*,<br>**Lilly Corporate Center**<br>**Indianapolis, IN 46285**<br><br>       **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. _____

SUPERIOR COURT NO. 2007 CA 008152 B

### DEFENDANT MALLINCKRODT, INC.'S CONSENT TO REMOVAL

   Defendant Mallinckrodt, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 008152 B), to this Court.

          *Janet K. Coleman (by permission /lw)*
          Janet K. Coleman
          Whitney & Bogris, L.L.P.
          401 Washington Avenue, 12th Floor
          Towson, MD 21204
          Telephone: (410) 583-8000
          Facsimile: (800) 893-1239

          **ATTORNEYS FOR**
          **MALLINCKRODT, INC.**

144716v1

**EXHIBIT F**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PATRICIA STANTON and STEVEN
STANTON
12 Billings Park
Newton, MA 02458,

      **Plaintiffs,**

  **vs.**

ELI LILLY AND COMPANY, *et al.*,
Lilly Corporate Center
Indianapolis, IN 46285

      **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. _____

SUPERIOR COURT NO. 2007 CA 008152 B

### DEFENDANT MERCK & CO., INC.'S CONSENT TO REMOVAL

   Defendant Merck & Co, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 008152 B), to this Court.

         *Elizabeth Ewert (by permission /PW)*
         Elizabeth Ewert
         Drinker Biddle & Reath, L.L.P.
         1500 K Street NW, Suite 1100
         Washington, DC 20005
         Telephone: (202) 842-8800
         Facsimile: (202) 842-8465

         **ATTORNEYS FOR MERCK & CO., INC.**

144620v1

**EXHIBIT G**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PATRICIA STANTON and STEVEN STANTON<br>12 Billings Park<br>Newton, MA 02458,<br><br>       Plaintiffs,<br><br>  vs.<br><br>ELI LILLY AND COMPANY, *et al.*,<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>       Defendants. | CIVIL ACTION NO. _____<br><br>SUPERIOR COURT NO. 2007 CA 008152 B |

### DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S CONSENT TO REMOVAL

   Defendant Premo Pharmaceutical Laboratories, Inc., with full reservation of any

and all rights and defenses, hereby consents to removal of the above-captioned action, which was

originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 008152 B),

to this Court.

          *Sarah S. Keast (by permission /JW)*
          Sarah S. Keast
          Goodwin & Proctor, L.L.P.
          901 New York Avenue, NW
          Washington, DC 20001
          Telephone:  (202) 346-4000
          Facsimile:  (202) 346-4444

          **ATTORNEYS FOR PREMO
          PHARMACEUTICAL LABORATORIES,
          INC.**

144641v1

**EXHIBIT H**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA STANTON and STEVEN STANTON<br>12 Billings Park<br>Newton, MA 02458,<br><br>           Plaintiffs,<br><br>    vs.<br><br>ELI LILLY AND COMPANY, *et al.*,<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>           Defendants. | CIVIL ACTION NO. _____<br><br>SUPERIOR COURT NO. 2007 CA 008152 B |

## DEFENDANT PHARMACIA AND UPJOHN COMPANY'S CONSENT TO REMOVAL

Defendant Pharmacia and Upjohn Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 008152 B), to this Court.

*Elizabeth Ewert (by permission /JW)*
Elizabeth Ewert
Drinker Biddle & Reath, L.L.P.
1500 K Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 842-8800
Facsimile: (202) 842-8465

**ATTORNEYS FOR PHARMACIA AND**

**UPJOHN COMPANY**

144619v1

**EXHIBIT I**

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **PATRICIA STANTON and** ) | |
| **STEVEN STANTON** ) | |
| **12 Billings Park** ) | |
| **Newton, MA 02458** ) | |
| ) | **CIVIL ACTION NO. 2007 CA 008152 B** |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **ELI LILLY AND COMPANY,** ) | **DEFENDANT ELI LILLY AND** |
| **Lilly Corporate Center** ) | **COMPANY'S NOTICE OF** |
| **Indianapolis, IN 46285** ) | **REMOVAL OF CIVIL ACTION** |
| ) | |
| **and** ) | |
| ) | |
| **ABBOTT LABORATORIES, INC.** ) | |
| **100 Abbott Park Road** ) | |
| **Abbott Park, IL 60064** ) | |
| **w/s/o CT CORPORATION** ) | |
| **1025 Vermont Avenue, N.W.** ) | |
| **Washington, D.C. 20005** ) | |
| ) | |
| **and** ) | |
| ) | |
| **BRISTOL-MEYERS SQUIBB COMPANY** ) | |
| **as successor to E.R. Squibb & Sons, Inc.** ) | |
| **P.O. Box 4500** ) | |
| **Princeton, NJ 08543** ) | |
| **w/s/o CT CORPORATION** ) | |
| **1025 Vermont Avenue, N.W.** ) | |
| **Washington, D.C. 20005** ) | |
| ) | |
| **and** ) | |
| ) | |
| **DART INDUSTRIES, INC.,** ) | |
| **as successor to Rexall Drug Co., Inc.** ) | |
| **c/o Sheila Ann Marie Moeller, Esq.** ) | |
| **Gilbride, Tusa, Last & Spellane, LLC** ) | |
| **31 Brookside Drive** ) | |
| **Greenwich, CT 06830** ) | |
| ) | |

and                                                )
                                                   )
**ELAN PHARMACEUTICALS, INC.**                     )
**as successor to Carnick Laboratories, Inc.**     )
**w/s/o National Registered Agents, Inc.**         )
**1090 Vermont Avenue, N.W., #910**                )
**Washington, D.C. 20005**                         )
                                                   )
and                                                )
                                                   )
**GLAXOSMITHKLINE**                                )
**a successor to S.E. Massengill Co. and**         )
**Burroghs-Wellcome Co.**                          )
**5 Moore Drive**                                  )
**Research Triangle Park, NC 27709**               )
**w/s/o GLAXOSMITHKLINE**                          )
**1500 K Street, N.W.**                            )
**Washington, D.C. 20036**                         )
                                                   )
and                                                )
                                                   )
**KREMERS-URBAN CO.**                              )
**6140 E. Executive Drive**                        )
**Mequon, WI 53092**                               )
**w/s/o JACKSON & CAMPBELL, P.C.**                 )
**1120 20th Street, N.W., Suite 300**              )
**Washington, D.C. 20036**                         )
                                                   )
and                                                )
                                                   )
**LANNETT COMPANY, INC.**                          )
**w/s/o Fox & Rothschild**                         )
**2000 Market Street**                             )
**Philadelphia, PA 19103-3291**                    )
                                                   )
and                                                )
                                                   )
**MALLINCKRODT, INC.**                             )
**675 McDonnell Boulevard**                        )
**St. Louis, MO 63402**                            )
                                                   )
and                                                )
                                                   )
**MERCK & CO., INC.**                              )
**P.O. Box 4**                                     )
**West Point, PA 19486**                           )

2

144593v1

**w/s/o CT CORPORATION**                              )
**1025 Vermont Avenue, N.W.**                         )
**Washington, D.C. 20005**                            )
                                                      )
**and**                                               )
                                                      )
**ORTHO-MCNEIL PHARMACEUTICALS**                      )
**As successor to McNeil Lab, Inc.**                  )
**1000 U.S. Highway 202**                             )
**Raritan, NJ 08869**                                 )
                                                      )
**and**                                               )
                                                      )
**PERSON & COVEY, INC.**                              )
**616 Allen Avenue**                                  )
**Glendale, CA 91221**                                )
                                                      )
**and**                                               )
                                                      )
**PREMO PHARMACEUTICAL**                              )
**LABORATORIES, INC.**                                )
**w/s/o Corporation Trust Co.**                       )
**820 Bear Tavern Road**                              )
**West Trenton, NJ 08628**                            )
                                                      )
**and**                                               )
                                                      )
**PHARMACIA and UPJOHN COMPANY**                      )
**(aka THE UPJOHN COMPANY)**                          )
**100 Route 206 North**                               )
**Peapack, NJ 07977**                                 )
**w/s/o CT CORPORATION**                              )
**1025 Vermont Avenue, N.W.**                         )
**Washington, D.C. 20005**                            )
                                                      )
**and**                                               )
                                                      )
**ROWELL LABORATORIES, INC.**                         )
**As successor to Solvay Pharmaceuticals, Inc.**      )
**c/o T.H. Rowell, Jr., President**                   )
**210 Main Street West**                              )
**Baudette, MN 56623**                                )
                                                      )
**and**                                               )
                                                      )
**SANOFI AVENTIS**                                    )

3

144593v1

As successor to William H. Rorer, Inc.        )
55 Corporate Drive                            )
Bridgewater, NJ 08807                         )
                                              )
                    Defendants.               )
_____)

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:    THE CLERK OF THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA, CIVIL DIVISION.

PLEASE TAKE NOTICE that on the 4th day of January, 2008, defendant Eli Lilly and Company filed in the United States District Court for the District of Columbia a Notice of Removal of the above styled action. A true copy of such Notice of Removal is attached hereto as **Exhibit 1** and is incorporated herein by reference.

Pursuant to 28 U.S.C. Section 1446(d), the filing of the attached Notice of Removal has effected the removal of the above styled action, and the Superior Court of the District of Columbia, Civil Division, should proceed no further unless and until this case is remanded.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, NW Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.

144593v1

2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Patricia Stanton, et al_
Plaintiff

v.                                    Civil Action No.    08 0022

                                                          JAN - 4 2008

_Eli Lilly and Company, et al_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge **WALTON, J. RBW**_____. All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

929A
Rev. 7/02

cc: AARON H. LEVINE
    JENNIFER LEVY
    SIDNEY LEECH          KATHLEEN BUSTRAAN
    JOHN ANDERSON         ELIZABETH EWERT
    HAROLD WALTER         SEAN MCDONOUGH
    JANET GLEMAN          SARAH KEAST
    ROBERT KELLY          ABBOTT LABORATORIES
                          WM. SANDERS