**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PATRICIA STANTON, et ux. | * | |
| Plaintiffs | * | Civil Action No.: 1:08-CV-00022RBW |
| v. | * | |
| ELI LILLY & COMPANY, et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

**ANSWER TO COMPLAINT**

Defendant, Lannett Company, Inc. ("Lannett"), by undersigned counsel, hereby answers the Plaintiffs' Complaint and states as follows:

1. The allegations in paragraph one can not be either admitted or denied. To the extent that a response is required, allegations in paragraph one are denied.

2. The Defendant denies the allegations in paragraph two.

COUNT I

**(Patricia Stanton – Negligent Failure to Warn)**

3. Lannett Company, Inc. can neither admit nor deny the allegations in paragraph three. To the extent a response is required, Lannett Company, Inc. denies the allegations in paragraph three.

4. Lannett denies the allegations contained in paragraph four of the complaint.

5. Lannett denies the allegations contained in paragraph five of the complaint.

6. Lannett denies the allegations contained in paragraph six of the complaint.

## COUNT II
### (Patricia Stanton – Negligent Failure to Test)

7. Lannett incorporates by reference its responses to paragraphs one through six of the complaint and repeats and re-alleges its answers to paragraphs one through six of the complaint as if fully set forth herein.

8. Lannett denies the allegations contained in paragraph eight of the complaint.

9. Lannett denies the allegations contained in paragraph nine of the complaint.

10. Lannett denies the allegations in paragraph ten of the complaint.

## COUNT III
### (Patricia Stanton – Strict Liability)

11. Lannett incorporates its responses to paragraphs one through ten of the complaint as if fully set forth herein.

12. Lannett denies the allegations contained in paragraph twelve of the complaint.

13. Lannett denies the allegations contained in paragraph thirteen of the complaint.

14. Lannett does not have information to verify the truth or falsity of the allegations contained in paragraph fourteen of the complaint. To the extent that a response is required, however, Lannett denies the allegations set forth in paragraph fourteen of the complaint.

15. Lannett denies the allegations contained in paragraph fifteen of the complaint.

16. Lannett denies the allegations contained in paragraph sixteen of the complaint.

17. Lannett denies the allegations contained in paragraph seventeen of the complaint.

18. Lannett denies the allegations contained in paragraph eighteen of the complaint.

## COUNT IV
### (Patricia Stanton – Breach of Warranty)

19. Lannett incorporates its responses to paragraphs one through eighteen of the complaint as if fully set forth herein.

20. Lannett denies the allegations contained in paragraph twenty of the complaint.

21. Lannett denies the allegations contained in paragraph twenty-one of the complaint.

22. Lannett denies the allegations contained in paragraph twenty-two of the complaint.

23. Lannett denies the allegations contained in paragraph twenty-three of the complaint.

## COUNT V
### (Patricia Stanton – Misrepresentation)

24. Lannett incorporates its responses to paragraphs one through twenty-three of the complaint as if fully set forth herein.

25. Lannett denies the allegations contained in paragraph twenty-five of the complaint.

26. Lannett denies the allegations contained in paragraph twenty-six of the complaint.

27. Lannett denies the allegations contained in paragraph twenty-seven of the complaint.

28. Lannett denies the allegations contained in paragraph twenty-eight of the complaint.

## COUNT VI
### (Patricia Stanton – Loss of Consortium)

29. Lannett is with out sufficient information to admit or deny the allegations in the first sentence of paragraph twenty-nine.  To the extent that a response to the first sentence of paragraph twenty-nine is required, the allegations are denied.  Lannett denies the balance of the allegations in paragraph twenty-nine of the complaint.

By way of further answer, Lannett also raises the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' natural mother was guilty of contributory negligence which was the proximate cause of the injuries, damages, and losses complained of, which negligence is a complete bar to the recovery by the Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' natural mother assumed the risks inherent in the use of DES and her assumption of risk is a bar to the Plaintiffs' recovery.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' natural mother misused or abused DES, which she consumed or ingested, which conduct is a complete bar to Plaintiffs' recovery in this case.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the complaint, which is expressly denied, there were intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiffs' alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the complaint, which is hereby denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH AFFIRMATIVE DEFENSE

The complaint is barred in whole or in part by the application of the statute or statutes of repose.

## NINTH AFFIRMATIVE DEFENSE

The complaint fails to include a necessary party or parties without whom complete relief cannot be obtained.

## TENTH AFFIRMATIVE DEFENSE

If the product was unsafe, then it was unavoidably unsafe.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' causes of action are barred by the doctrine of res judicata and/or the doctrine of collateral estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

If this Defendant's product was ingested by Plaintiffs' natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state of the art at the time the product was designed, manufactured, inspected, packaged, labeled and sold; and therefore, Plaintiffs are barred from recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

All of the Plaintiffs' causes of action are barred by the doctrine of federal preemption.

### FIFTEENTH AFFIRMATIVE DEFENSE

At all applicable times, the Defendant fully complied with applicable federal, state, and local statutory regulatory requirements concerning DES, including those prescribed by the Federal Food Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any claims in the complaint that seek an award of exemplary or punitive damages violate the Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any claims in the complaint that seek an award of exemplary or punitive damages violate the Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any claims in the complaint that seek an award of exemplary or punitive damages violate the Defendant's right to equal protection under law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

Any claims in the complaint that seek an award of exemplary or punitive damages violates this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the applicable statute or statutes of limitations.


*/s/ Kathleen M. Bustraan*
Kathleen M. Bustraan
(Bar No.: MD-24417)
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, Maryland 21201
410 539-5881

*Attorneys for Lannett Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of January, 2008 a copy of Lannett Company, Inc.'s Answer to Complaint was sent by first class mail, postage pre-paid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, NW, Suite 500
Washington, DC 20036

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, DC 20005-5793

Sidney G. Leech, Esquire
Goodell Devries Leech & Dann, LLP
1 South Street, 20th Floor
Baltimore, Maryland 21202

Elizabeth Ewert, Esquire
Drinker, Biddle and Reath, LLP
1500 K Street, NW, Suite 1100
Washington, DC 20005-1209

John S. Anderson, Esquire
Troutman Saunders, LLP
1660 International Drive, Suite 600
McClean, Virginia 22102

Janet D. Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 10th Floor
Towson, Maryland 21204

Sarah S. Keast, Esquire
Goodwin Proctor, LLP
901 New York Avenue, Suite 900
Washington, D.C. 20001

Harold Mark Walter, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland 21202

Robert N. Kelly, Esquire
Jackson & Campbell, PC
South Tower
1120 20th Street, NW
Washington, D.C. 20036

Sean C. E. McDonough, Esquire
David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314

Rowell Laboratories, Inc.
C/o T.H. Rowell, Jr., President
210 Main Street, West
Baudette, Minnesota 56623

Sanofi Aventis
55 Corporate Drive
Bridgewater, New Jersey 08807

/s/ Kathleen M. Bustraan
Kathleen M. Bustraan

395861