IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICIA STANTON, *et al.*,                    )
                                               )
                        *Plaintiffs,*          )
                                               )     Case No. 1:08CV00022 (RBW)
            v.                                 )
                                               )
ELI LILLY AND COMPANY, *et al.*,               )
                                               )
                        *Defendants.*          )

## DEFENDANT PHARMACIA & UPJOHN COMPANY LLC'S
## ANSWER TO COMPLAINT

Defendant Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company ("Upjohn"), by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiffs Patricia Stanton's and Steven Stanton's Complaint as follows:

1.      Upjohn denies that jurisdiction is proper under 11 D.C. Code § 921 (1981 ed.).

2.      Upjohn admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The allegation that Upjohn is "doing business" in the District of Columbia is a legal characterization and/or conclusion to which no response is required. The remainder of the allegations in Paragraph 2 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 2 are directed to other defendants,   Upjohn is without

knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

## COUNT I

### (Patricia Stanton- Negligent Failure to Warn)

3.       Upjohn admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.   Upjohn denies that it "acted in concert" as alleged.  Upjohn is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 3; therefore, those allegations are denied.

4.       Upjohn denies the allegations in Paragraph 4.

5.       Upjohn denies the allegations in Paragraph 5.

6.       Upjohn denies the allegations in Paragraph 6.

## COUNT II
### (Patricia Stanton - Negligent Failure to Test)

7.       Upjohn incorporates by reference its answers to the allegations in Count I.

8.       Upjohn denies the allegations in Paragraph 8, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

9.       Upjohn denies the allegations in Paragraph 9.

10.      Upjohn denies the allegations in Paragraph 10.

## COUNT III
**(Patricia Stanton - Strict Liability)**

11.    Upjohn incorporates by reference its answers to the allegations in Counts I and II.

12.    Upjohn denies the allegations in Paragraph 12.

13.    Upjohn denies the allegations in Paragraph 13, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

14.    Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 14; therefore, those allegations are denied.

15.    Upjohn denies the allegations in Paragraph 15.

16.    Upjohn denies the allegations in Paragraph 16.

17.    Upjohn denies the allegations in Paragraph 17.

18.    Upjohn denies the allegations in Paragraph 18.

## COUNT IV
**(Patricia Stanton - Breach of Warranty)**

19.    Upjohn incorporates by reference its answers to the allegations in Counts I, II and III.

20.    Upjohn admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the FDA. The remainder of the allegations in Paragraph 20 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 20 are directed to other defendants, Upjohn is

without knowledge or information sufficient to either admit or deny those allegations;
therefore, they are denied.

     21.     Upjohn denies the allegations in Paragraph 21.

     22.     Upjohn denies the allegations in Paragraph 22.

     23.     Upjohn denies the allegations in Paragraph 23.

## COUNT V
### (Misrepresentation)

     24.     Upjohn incorporates by reference its answers to the allegations in Counts
I, II III, and IV.

     25.     Upjohn denies the allegations in Paragraph 25.

     26.     Upjohn is without knowledge or information sufficient to either admit or
deny the allegations in Paragraph 26; therefore, those allegations are denied.

     27.     Upjohn denies the allegations in Paragraph 27.

     28.     Upjohn denies the allegations in Paragraph 28.

## COUNT VI
### (Steven Stanton - Loss of Consortium)

     29.     Upjohn incorporates by reference its answers to the allegations in Counts
I, II III, IV, and V.

     30.     Upjohn denies the allegations in the thirtieth paragraph of Plaintiffs'
complaint, labeled "Paragraph 29 [sic]."   .

     By way of further answer,  Upjohn denies all other allegations contained in
Plaintiffs'  Complaint which are not otherwise expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and any claim for punitive damages are barred by reason of Upjohn's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

## FOURTH AFFIRMATIVE DEFENSE

Upjohn states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiffs' mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

## FIFTH AFFIRMATIVE DEFENSE

Upjohn states that to the extent Plaintiffs seek to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

### SIXTH AFFIRMATIVE DEFENSE

Upjohn states that venue is both improper and inconvenient in this judicial district.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint may be barred by the learned intermediary doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

### NINTH AFFIRMATIVE DEFENSE

Upjohn states that its predecessor acted at all times in full conformity with the then-existing state of the art.

### TENTH AFFIRMATIVE DEFENSE

Upjohn states that Plaintiffs' breach of warranty claims must fail due to lack of privity and timely notice.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

### TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Upjohn are barred by the doctrines of estoppel, laches, waiver, or statutory compliance

and Plaintiff or her natural mother, including contributory negligence, assumption of risk and/or misuse or abuse of such product.

THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Upjohn was not responsible and with whom Upjohn has no legal connection.

FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Upjohn.

FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiffs.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

7

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

### NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained injury or damage as alleged, they were exacerbated by Plaintiffs' failure to mitigate such injury or damage.

### TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiffs' Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Upjohn adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Upjohn reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,


By: /s/ Elizabeth Ewert
    Elizabeth Ewert (#479368)
    DRINKER BIDDLE & REATH LLP
    1500 K Street, N.W., Suite 1100
    Washington, D.C. 20005-1209
    Telephone: 202/842-8800
    Telecopier: 202/842-8465
    *Attorneys for Pharmacia & Upjohn*
    *Company LLC*

Dated: January 9, 2008

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of January, 2008, a copy of the above

and foregoing **Defendant Pharmacia & Upjohn Company LLC's Answer to Complaint**

was filed electronically with the Clerk of the Court, using the CM/ECF system, which

sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert