UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PATRICIA STANTON | * | |
| and | | |
| STEVEN STANTON | * | |
| | | |
| Plaintiffs, | * | 08-CV-0022(RBW) |
| | | |
| v. | * | |
| | | |
| ELI LILLY AND COMPANY | * | |
| | | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO COMPLAINT

GlaxoSmithKline ("GSK"), sued as successor to S.E. Massengill Co. and Burroughs Wellcome Co., by its undersigned attorneys, states as follows in answer to Plaintiffs' Complaint:

### Preliminary Statement

GSK states that to the extent the averments in the Complaint refer generally to "defendants," GSK answers these allegations as to itself.  GSK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Complaint to the extent that such allegations refer or relate to defendants other than GSK. GSK further denies all averments made in any heading of the Complaint.  As to the specific allegations of the Complaint, GSK states as follows:

1.  Denied.  The averments set forth in paragraph 1 of the Complaint are legal conclusions to which no responsive pleading is required, and therefore are deemed denied.

2. Admitted in part, denied in part. GSK admits that it manufactures and distributes certain pharmaceuticals, and that is has done and presently does business in the United States, including the District of Columbia. GSK denies the remaining averments set forth in paragraph 2 of the Complaint.

## Count I
### (Negligent Failure to Warn)

3. Denied. GSK denies the averments set forth in paragraph 3 of the Complaint as they relate to GSK.

4. Denied. GSK denies the averments set forth in paragraph 4 of the Complaint.

5. Denied. GSK denies the averments set forth in paragraph 5 of the Complaint

6. Denied. GSK denies the averments set forth in paragraph 6 of the Complaint.

## Count II
### (Negligent Failure to Test)

7. GSK restates and reavers its responses to the averments of paragraphs 1 - 6 of the Complaint, as if fully sets forth herein.

8. Denied. GSK denies the averments set forth in paragraph 8 of the Complaint.

9. Denied. GSK denies the averments set forth in paragraph 9 of the Complaint

10. Denied. GSK denies the averments set forth in paragraph 10 of the Complaint.

## Count III
**(Strict Liability)**

11. GSK reavers and restates its responses to the averments of paragraphs 1 – 10 of the Complaint, as if fully set forth herein.

12. Denied. GSK denies the averments set forth in paragraph 12 of the Complaint.

13. Admitted in part, denied in part. GSK admits that it manufactures and distributes certain pharmaceuticals, and GSK denies the remaining averments in paragraph 13 of the Complaint.

14. Denied. GSK denies the female plaintiff's exposure to its product at issue. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the Complaint, and therefore denies the same.

15. Denied. GSK denies the averments set forth in paragraph 15 of the Complaint.

16. Denied. GSK denies the averments set forth in paragraph 16 of the Complaint.

17. Denied. GSK denies the averments set forth in paragraph 17 of the Complaint.

18. Denied. GSK denies the averments set forth in paragraph 18 of the Complaint.

## Count IV
**(Breach of Warranty)**

19. GSK reavers and restates its responses to the averments of paragraphs 1-18 of the Complaint, as if fully set forth herein.

20. Denied. The averments set forth in paragraph 20 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

21. Denied. The averments set forth in paragraph 21 of Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

22. Denied. GSK denies the averments set forth in paragraph 22 of the Complaint.

23. Denied. GSK denies the averments set forth in paragraph 23 of the Complaint.

## Count V
### (Misrepresentation)

24. GSK reavers and restates its responses to the averments of paragraphs 1-23 of the Complaint, as if fully set forth herein.

25. Denied. GSK denies the averments set forth in paragraph 25 of the Complaint.

26. Denied. GSK denies the averments set forth in paragraph 26 of the Complaint.

27. Denied. GSK denies the averments set forth in paragraph 27 of the Complaint.

28. Denied. GSK denies the averments set forth in paragraph 28 of the Complaint.

## Count V
### (Loss of Consortium )

GSK reavers and restates its responses to the averments of paragraphs

4

1-28 of the Complaint, as if fully set forth herein.

29. Denied. GSK is without knowledge or information to form a belief as to the truth of the averments of the first sentence of paragraph 29 of the Complaint and therefore denies the same. GSK denies the remaining averments of paragraph 29.

In response to the unnumbered paragraph following paragraph 29 of the Complaint, GSK states that this paragraph is a demand for relief to which GSK responds that plaintiffs are not entitled to any relief, including the relief requested therein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Plaintiffs' claims based upon GSK's alleged duty to warn are barred by the learned intermediary doctrine.

### SECOND DEFENSE

2. GSK states that the allegations set forth in the Complaint, and each and every count and claim thereof, fail to state a claim against GSK upon which relief can be granted.

### THIRD DEFENSE

3. GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the applicable statute of limitations.

### FOURTH DEFENSE

4. GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of laches.

### FIFTH DEFENSE

5. The causes of action set forth in the Complaint are barred in whole or in part by the applicable statute of repose.

## SIXTH DEFENSE

6. GSK states that the female plaintiff's natural mother knowingly and intentionally assumed the risks, if any, inherent in the use of diethylstilbestrol ("DES"), which is a complete bar to plaintiffs' recovery in this case.

## SEVENTH DEFENSE

7. If plaintiffs are unable to identify and prove the specific manufacturer of the alleged injury-causing product, they fail to state a claim upon which relief can be granted in that they have asserted claims for relief which, if granted, would violate the public policy of the District of Columbia and of any state whose law might be deemed to apply, and constitute a denial by this Court of GSK's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

## EIGHTH DEFENSE

8. Because plaintiffs are unable to identify and prove the specific manufacturer of the alleged injury-causing product, they lack standing to pursue this action.

## NINTH DEFENSE

9. GSK states that in the event a sale is pleaded or determined upon trial, or in the event reliance is placed upon a breach of warranty, whether express or implied, this action is barred since there was no reliance upon any warranties, if any, of GSK.

## TENTH DEFENSE

10. GSK states that DES was and has been formulated, tested, manufactured, processed and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act and regulations promulgated thereto. Accordingly, plaintiffs' claims, predicated on state tort law, are preempted or barred by the Supremacy Clause of the United States Constitution.

### ELEVENTH DEFENSE

11. GSK states that plaintiffs' claims may be barred by contributory negligence, which was a direct and proximate cause of the female plaintiff's alleged conditions, which is a complete bar to plaintiffs' recovery in this case.

### TWELFTH DEFENSE

12. Plaintiffs have failed to join all necessary parties.

### THIRTEENTH DEFENSE

13. If plaintiffs sustained the injuries alleged in the Complaint, which is denied, there was an intervening cause or causes leading to these alleged injuries, and therefore, any action on the part of GSK was not the proximate and/or competent producing cause of the alleged injuries.

### FOURTEENTH DEFENSE

14. If plaintiffs sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct of one or more third persons for whose conduct GSK is not responsible or with whom GSK has no legal relation.

### FIFTEENTH DEFENSE

15. If plaintiffs sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES, and were not due to or caused by the fault, lack of care, negligence or any breach of duty by GSK.

### SIXTEENTH DEFENSE

16. GSK states that plaintiffs failed to give notice of the alleged defects within the time limitations imposed by law.

### SEVENTENTH DEFENSE

17. Upon information and belief, if the injuries referred to in the Complaint were caused by DES manufactured by GSK, which is denied, the injuries are the result of an idiosyncratic reaction on the part of the female plaintiff's natural mother and/or female plaintiff to the drug.

## EIGHTEENTH DEFENSE

18.     If DES manufactured by GSK was involved in the injuries claimed by the plaintiffs, which is denied, upon information and belief, the use of DES was improper or not in accordance with prescribed, correct procedures. In particular, as to DES manufactured by Burroughs Wellcome Company ("BW"), BW never indicated, labeled, marketed or sought regulatory approval for use of its product during pregnancy. Accordingly, the DES was abused, misused and applied for purposes other than those which were indicated or intended by GSK, which is a complete bar to plaintiffs' recovery in this case.

## NINETEENTH DEFENSE

19.     At all times relevant hereto, the benefits of DES outweighed the risks, if any, which may have been attendant to its use.

## TWENTIETH DEFENSE

20.     Some or all of the plaintiffs' claims are barred by collateral estoppel and res judicata.

## TWENTY-FIRST DEFENSE

21.     If plaintiffs sustained injuries or incurred expenses as alleged, which is denied, the risks complained of by plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state-of-the-art and were not discoverable using procedures required by federal or state regulatory authorities charged with supervision or licensing of the product as of the time GSK sold or otherwise parted with possession and control of the product in question. Accordingly, GSK's product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled, and sold and therefore plaintiffs are barred from recovery.

## TWENTY-SECOND DEFENSE

22.     At all applicable times, GSK fully complied with all applicable federal, state, and local statutory and regulatory requirements concerning DES, including those

prescribed by the Federal Food, Drug, and Cosmetic Act, and promulgated by the Federal Food and Drug Administration.

## TWENTY-THIRD DEFENSE

23.    Venue is improper in this Court.

## TWENTY-FOURTH DEFENSE

24.    GSK states that it incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the Answers by any other defendant and intends to rely on other affirmative defenses, which may become available or apparent during discovery, and hereby reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, GSK respectfully requests that this Honorable Court enter an Order dismissing plaintiffs' Complaint with prejudice, or for such other relief as the nature of this cause may require.

Respectfully submitted,

_____/s/Janet K. Coleman_____

Janet K. Coleman (Bar No.: 497902)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000

**Attorneys for GLAXOSMITHKLINE**