UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICIA STANTON and STEVEN STANTON,

    Plaintiffs,

v.

ELI LILLY AND COMPANY, et al.,

    Defendants.

Civil Action No. 08-cv-0022 (RBW)

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S ANSWER TO COMPLAINT

Premo Pharmaceutical Laboratories, Inc. ("Premo"), through undersigned counsel, responds to plaintiffs' complaint filed on December 14, 2007 (the "Complaint") as follows:

In responding to the Complaint, Premo will provide answers only for itself, and will only respond to allegations addressed to or directed at Premo. Premo has no knowledge or information sufficient to form a belief as to the truth or falsity of any allegations relating to any other defendant herein.

1.    Denies the allegations in paragraph 1 of the Complaint and refers all questions of law to the Court, except that Premo does not contest personal jurisdiction in this matter.

2.    Denies the allegations in paragraph 2 of the Complaint, except admits that at certain times in the past Premo manufactured and sold DES in dosage form.

## RESPONDING TO COUNT I

3. Denies the allegations in paragraph 3, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions. Further, admits that at times in the past Premo manufactured and sold DES in dosage form.

4. Denies the allegations in paragraph 4 of the Complaint and refers all questions of law to the Court.

5. Denies the allegations in paragraph 5 of the Complaint.

6. Denies the allegations in paragraph 6 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO COUNT II

7. Responding to the allegations in paragraph 7 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 6 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

8. Denies the allegations in paragraph 8 of the Complaint and refers all questions of law to the Court.

9. Denies the allegations in paragraph 9 of the Complaint.

10. Denies the allegations in paragraph 10 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO COUNT III

11.     Responding to the allegations in paragraph 11 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 10 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

12.     Denies the allegations of paragraph 12 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

13.     Denies the allegations in paragraph 13 of the Complaint, except admits that at certain times in the past Premo manufactured and sold DES in dosage form.

14.     Denies the allegations in paragraph 14, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions.

15.     Denies the allegations of paragraph 15 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

16.     Denies the allegations of paragraph 16 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

17.     Denies the allegations in paragraph 17 of the Complaint and refers all questions of law to the Court.

18.     Denies the allegations in paragraph 17 of the Complaint and refers all questions of law to the Court.

### RESPONDING TO COUNT IV

19.     Responding to the allegations in paragraph 19 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 18 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

20.     Denies the allegations in paragraph 20 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

21.     Denies the allegations in paragraph 21 of the Complaint.

22.     Denies the allegations in paragraph 22 of the Complaint and refers all questions of law to the Court, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

23.     Denies the allegations in paragraph 23 of the Complaint and refers all questions of law to the Court.

### RESPONDING TO COUNT V

24.     Responding to the allegations in paragraph 24 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 23 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

25. Denies the allegations in paragraph 25 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses.

26. Denies the allegations in paragraph 26, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions.

27. Denies the allegations in paragraph 27 of the Complaint and refers all questions of law to the Court, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

28. Denies the allegations in paragraph 23 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO COUNT VI

29. Responding to the allegations in paragraph 29 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 29 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

30. Denies the allegations in paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

### THIRD AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred by applicable statutes of limitations and by the applicable statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiff by Premo at the time such plaintiff's mother allegedly used the DES referred to in the Complaint or by reason of the doctrine of *en ventre sa mere*, and therefore, plaintiff has failed to allege facts sufficient to state a cause of action upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has been unable to identify Premo as the person causing the alleged injuries, and therefore has failed to state a cause of action against Premo upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiff as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiff's mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages that plaintiffs may have sustained were caused by the allegedly DES-exposed plaintiff's own negligence or that of such plaintiff's mother and, therefore, barred by the doctrine of contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting the causes of action contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiff's mother during pregnancy with such plaintiff, the use of said drug was responsible for the birth of such plaintiff.

## NINTH AFFIRMATIVE DEFENSE

If plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or control.

### TENTH AFFIRMATIVE DEFENSE

If in fact the allegedly DES-exposed plaintiff's mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

### ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiff or by such plaintiff's mother.

### TWELFTH AFFIRMATIVE DEFENSE

With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiff and Premo.

### THIRTEENTH AFFIRMATIVE DEFENSE

With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time and any applicable statutes of limitations apply.

### FOURTEENTH AFFIRMATIVE DEFENSE

The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their

labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a cause of action upon which relief may be granted in that, *inter alia*, such claims, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden by this Court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

### **FIFTEENTH AFFIRMATIVE DEFENSE**

In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiff has asserted causes of action which, if granted, would contravene Premo's constitutional rights to substantive and procedural due process of law under both the United States and all applicable state constitutions.

### **SIXTEENTH AFFIRMATIVE DEFENSE**

In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiff has asserted causes of action for relief which, if upheld, would constitute a taking of private property for a public use without just compensation and such taking would contravene Premo's constitutional rights under the United States and all applicable state constitutions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If Premo is found liable to plaintiff for any loss allegedly suffered by plaintiff, such liability shall not exceed Premo's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

### EIGHTEENTH AFFIRMATIVE DEFENSE

If in fact the Complaint is held to contain a cause of action upon which relief may be granted, then plaintiff's recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiffs or their agents or persons other than Premo or completely barred by the doctrine of contributory negligence.

### NINETEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES and were not due to the fault, lack of care, negligence or any breach of duty by Premo.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the learned intermediary doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court is not the proper venue for this action. In addition, Premo gives notice of its intention to rely upon the doctrine of *forum non conveniens*.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiffs' demand for judgment includes a request for punitive damages, such request is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiffs' demand for judgment includes a request for punitive damages, such request is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiffs in this case disproportionate to the actual damages incurred by plaintiffs, if any, would be in violation of the constitutional safeguards provided under the Constitution of the United States of America and all applicable state constitutions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in the standards for awarding punitive damages and plaintiffs have failed to state facts sufficient to support a claim for punitive damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel and/or waiver.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Premo incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses that become available during discovery or trial.

WHEREFORE, Premo demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

Dated:   Washington, D.C.
         January 10, 2008

                    Respectfully submitted,

                    By:   /s/ Sarah Keast
                    Sarah Keast (Bar # 484262)
                    GOODWIN PROCTER LLP
                    901 New York Avenue, N.W.
                    Washington, D.C. 20001
                    Telephone:  (202) 346-4000
                    Facsimile:  (202) 346-4444
                    Skeast@goodwinprocter.com
                    *Attorneys for Defendant*
                    *Premo Pharmaceutical Laboratories, Inc.*

                    Of Counsel:
                    Christopher Garvey, Esq.
                    Jordan D. Weiss, Esq.
                    GOODWIN PROCTER LLP
                    599 Lexington Avenue
                    New York, New York 10022
                    Telephone (212) 813-8800
                    Facsimile (212) 355-3333
                    Cgarvey@goodwinprocter.com
                    JWeiss@goodwinprocter.com

-13-

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2008, I caused to be served by electronic means, via the Court's ECF system, the Answer, on all counsel registered to receive electronic notices. I also certify that I have caused copies of the aforementioned documents to be served via Federal Express upon the non-CM/ECF participants:

*See Service List*

Dated: January 10, 2008
       Washington, D.C.

　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　Sarah S. Keast

SERVICE LIST

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, PA
1320 19th Street, NW, Suite 500
Washington, DC 20036
*Attorneys for Plaintiff*

John Chadwick Coots
Shook, Hardy & Bacon LLP
600 14th Street, NW
Suite 800
Washington, DC 20005
Attorneys for Defendant
*Eli Lilly & Company*

Janet Coleman
Whitney & Bogris, LLP
401 Washington Avenue
12th Floor
Towson, MD 21204
Attorneys for Defendants
*S.E. Massengill, n/k/a Glaxosmithkline Inc.*

Sidney G. Leech
Goodell, Devries, Leech & Dann LLP
One South Street
20th Floor
Baltimore, MD 21202
Attorneys for Defendant
*E.R. Squibb & Sons, Inc.*

John Anderson
Troutman Sanders LLP
1660 International Drive
Suite 600
McLean, VA 22102
Attorneys for Defendant
*Dart Industries, Inc., p/k/a Rexall Drug Company, Inc.*

Elizabeth Ewert
Drinker Biddle LLP
1500 K Street, NW
Suite 1100
Washington, DC 20005
Attorneys for Defendant
*The Upjohn Company*

Jennifer G. Levy
Kirkland & Ellis LLP
655 Fifteenth Street NW
Suite 1200
Washington, DC 20005-5793
Attorneys for Defendant
*Abbott Laboratories, Inc.*

Harold M. Walter
Tydings & Rosenberg LLP
100 East Pratt Street
Suite 2600
Baltimore, MD 21202
Attorneys for Defendant
*Elan Pharmaceuticals, Inc.*

Robert N. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W.
Washington, D.C. 20036
Attorneys for Defendant
*Kremers-Urban Co.*

Kathleen M. Bustraan
Lord & Whip, P.A.
36 South Charles Street
10th Floor
Baltimore, MD 21201
Attorneys for Defendant
*Lannett Company, Inc.*

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
5152 King Street
Suite 400
Alexandria, VA 22314
Attorneys for Defendant
*Person & Covey, Inc.*

Rowell Laboratories, Inc.
c/o T.H. Rowell, Jr. President
210 Main Street West
Baudette, MN 56623

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Avenue
Suite 220
Florham Park, NJ 07932
Attorneys for Defendant
*Sanofi Aventis*

-15-