UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

PATRICIA STANTON and STEVEN STANTON
12 Billings Park Newton, MA 02458,

    Plaintiffs,

          v.

ELI LILLY AND COMPANY, *et al.*
including SANOFI-AVENTIS as successor-
in-interest to William H. Rorer, Inc.
55 Corporate Drive
Bridgewater, New Jersey 08807,

    Defendants.

Civil Action No. 1:08-00022-RBW

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
SANOFI-AVENTIS, F/K/A RHONE-POULENC RORER
PHARMACEUTICALS, INC., A SUCCESSOR IN INTEREST
TO WILLIAM H. RORER, INC.**

Defendant Sanofi-Aventis, f/k/a Rhone-Poulenc Rorer Pharmaceuticals, Inc., a successor in interest to William H. Rorer, Inc., ("Sanofi-Aventis"), which has a principal place of business at 55 Corporate Drive Bridgewater, New Jersey 08807, by and through its attorneys McGivney & Kluger, P.C., state by way of answer to the Complaint of the plaintiffs Patricia Stanton and Steven Stanton, states as follows:

    1.    The allegations of Paragraph 1 of the Complaint set forth the basis for jurisdiction in the Superior Court for the District of Columbia-Civil Division. To the extent the same are moot by reason of the within action having been removed to the United States District Court for the District of Columbia, Sanofi-Aventis makes no response thereto.

    2.    Sanofi-Aventis admits that, at various times, certain of the defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell

and/or distribute the drug DES. Sanofi-Aventis admits that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that it did secure approval of the United States Food & Drug Administration ("FDA") to publicly sell DES.

## COUNT ONE
**(Patricia Stanton - Negligent Failure to Warn)**

3.  Sanofi Aventis is without information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 3 of the Complaint. To the extent that the allegations of the third sentence of that Paragraph are directed to Sanofi-Aventis, they are denied.

4.  Sanofi-Aventis denies the allegations set forth in Paragraph 4 of the Complaint to the extent they are directed to it, except that it admits that its predecessors-in-interest: secured approval of the FDA to publicly sell DES; made appropriate statements in its filings with the FDA; and did not promote DES for the prevention of miscarriages and accidents in pregnancy.

5.  Sanofi-Aventis denies the allegations set forth in Paragraph 5 of the Complaint to the extent they are directed to it, except that it admits that its predecessors-in-interest: secured approval of the FDA to publicly sell DES; made appropriate statements in its filings with the FDA; and did not promote DES for the prevention of miscarriages and accidents in pregnancy.

6.  Sanofi-Aventis denies the allegations set forth in Paragraph 6 of the Complaint to the extent they are directed to it.

## COUNT TWO
**(Patricia Stanton - Negligent Failure to Test)**

7.  Sanofi-Aventis repeats, reiterates and realleges each and every response to each and every allegation of Paragraphs 1-6 of the Complaint as if set forth at length herein.

.  8.  Sanofi-Aventis denies the allegations set forth in Paragraph 4 of the Complaint to the extent they are directed to it, except that it admits that its predecessors-in-interest: secured

approval of the FDA to publicly sell DES; made appropriate statements in its filings with the FDA; and did not promote DES for the prevention of miscarriages and accidents in pregnancy.

9. Sanofi-Aventis denies the allegations set forth in Paragraph 4 of the Complaint to the extent they are directed to it, except that it admits that its predecessors-in-interest: secured approval of the FDA to publicly sell DES; made appropriate statements in its filings with the FDA; and did not promote DES for the prevention of miscarriages and accidents in pregnancy.

10. Sanofi-Aventis denies the allegations set forth in Paragraph 6 of the Complaint to the extent they are directed to it.

## COUNT THREE
### (Patricia Stanton – Strict Liability)

11. Sanofi-Aventis repeats, reiterates and realleges each and every response to each and every allegation of Paragraphs 1-10 of the Complaint as if set forth at length herein.

12. Sanofi-Aventis denies the allegations set forth in Paragraph 12 of the Complaint to the extent they are directed to it, except that it admits that admits that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that its predecessors-in-interest did secure approval of the FDA to publicly sell DES.

13. Sanofi-Aventis denies the allegations set forth in Paragraph 13 of the Complaint to the extent they are directed to it, except that it admits that, at various times, certain of the defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell and/or distribute the drug DES, and that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that its predecessors-in-interest did secure approval of the FDA to publicly sell DES.

14. Sanofi-Aventis is without sufficient information to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15. Sanofi-Aventis denies the allegations set forth in Paragraph 15 of the Complaint to the extent they are directed to it.

16. Sanofi-Aventis denies the allegations set forth in Paragraph 16 of the Complaint to the extent they are directed to it, except that it admits that, at various times, certain of the defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell and/or distribute the drug DES, and that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that its predecessors-in-interest did secure approval of the FDA to publicly sell DES.

17. Sanofi-Aventis denies the allegations set forth in Paragraph 17 of the Complaint to the extent they are directed to it, except that it admits that, at various times, certain of the defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell and/or distribute the drug DES, and that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that its predecessors-in-interest did secure approval of the FDA to publicly sell DES.

18. Sanofi-Aventis denies the allegations set forth in Paragraph 18 of the Complaint to the extent they are directed to it, except that it admits that, at various times, certain of the defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell and/or distribute the drug DES, and that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that its predecessors-in-interest did secure approval of the FDA to publicly sell DES.

## COUNT FOUR
**(Patricia Stanton – Breach of Warranty)**

19. Sanofi-Aventis repeats, reiterates and realleges each and every response to each and every allegation of Paragraphs 1-18 of the Complaint as if set forth at length herein.

20. Sanofi-Aventis denies the allegations set forth in Paragraph 20 of the Complaint to the extent they are directed to it, except that it admits that, at various times, certain of the defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell and/or distribute the drug DES, and that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that its predecessors-in-interest did secure approval of the FDA to publicly sell DES.

21. Sanofi-Aventis denies the allegations set forth in Paragraph 21 of the Complaint to the extent they are directed to it, except that it admits that, at various times, certain of the defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell and/or distribute the drug DES, and that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that its predecessors-in-interest did secure approval of the FDA to publicly sell DES.

22. Sanofi-Aventis denies the allegations set forth in Paragraph 22 of the Complaint to the extent they are directed to it, except that it admits that, at various times, certain of the defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell and/or distribute the drug DES, and that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that its predecessors-in-interest did secure approval of the FDA to publicly sell DES.

23. Sanofi-Aventis denies the allegations set forth in Paragraph 23 of the Complaint to the extent they are directed to it.

## COUNT FIVE
### (Patricia Stanton – Misrepresentation)

24. Sanofi-Aventis repeats, reiterates and realleges each and every response to each and every allegation of Paragraphs 1-23 of the Complaint as if set forth at length herein.

25. Sanofi-Aventis denies the allegations set forth in Paragraph 25 of the Complaint to the extent they are directed to it, except that it admits that, at various times, certain of the defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell and/or distribute the drug DES, and that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that its predecessors-in-interest did secure approval of the FDA to publicly sell DES.

26. To the extent the allegations set forth in Paragraph 26 of the Complaint are directed to Sanofi-Aventis, it is without sufficient information to form a belief as to the truth of what plaintiff Patricia Stanton's mother and/or her physicians did or did not do, except that it admits that, at various times, certain of the defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell and/or distribute the drug DES, and that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that its predecessors-in-interest did secure approval of the FDA to publicly sell DES.

27. Sanofi-Aventis denies the allegations set forth in Paragraph 27 of the Complaint to the extent they are directed to it, except that it admits that, at various times, certain of the defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell and/or distribute the drug DES, and that at no time was DES promoted in the prevention of miscarriages and accidents in pregnancy and that its predecessors-in-interest did secure approval of the FDA to publicly sell DES.

28. Sanofi-Aventis denies the allegations set forth in Paragraph 28 of the Complaint to the extent they are directed to it.

## COUNT SIX
### (Steven Stanton – Loss of Consortium)

In response to the un-numbered Paragraph at the inception of Count Six of the Complaint, Sanofi-Aventis repeats, reiterates and realleges each and every response to each and every allegation of Paragraphs 1-28 of the Complaint as if set forth at length herein.

29.     Sanofi-Aventis is without sufficient knowledge or information to form a belief as to the truth of the allegations of the first sentence of Paragraph 29 of the Complaint.  Sanofi-Aventis denies the remaining allegations set forth in Paragraph 29 of the Complaint to the extent they are directed to it.

WHEREFORE, Sanofi-Aventis demands judgment dismissing plaintiffs' Complaint with prejudice, together with such costs and attorney's fees as may be awarded pursuant to law.

## AFFIRMATIVE DEFENSES

1.      Any and all damages sustained by plaintiffs were the result of their own acts or omissions and/or the acts or omissions of a third party or third parties over whom Sanofi-Aventis had neither control nor a right of control.

2.      Plaintiffs are barred from recovery, in whole or in part, because of their own contributory and/or comparative negligence, pursuant to applicable law.

3.      Plaintiffs have failed to include and join in this action all identifiable and indispensable parties without whom in equity and fairness this action should not proceed and this action should be dismissed to the extent such parties cannot be joined.

4.      Plaintiffs have been unable to identify Sanofi-Aventis as the party causing her any of her alleged injuries, and therefore they failed to state a claim upon which relief can be granted against Sanofi-Aventis.

5. Plaintiff Patricia Stanton's mother undertook to use the product at issue with knowledge of the risks of utilizing it and assumed the risk(s) thereof.

6. Any injury that plaintiffs may have suffered was the result of acts or omissions that superseded or intervened to overcome any alleged acts or omissions of Sanofi-Aventis.

7. To the extent that the laws of the States of New York or Massachusetts may provide the rule of decision for this matter, Aventis alleges all defenses that are available to it pursuant thereto.

8. Venue in the United States District Court for the District of Columbia is improper, and/or the Court may transfer the case to a United States District Court where venue is proper and/or the convenience of the parties and witnesses is better served pursuant to the applicable Federal Rules of Civil Procedure and/or the doctrine of *forum non conveniens*.

9. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

10. The delay of the plaintiffs in commencing suit against Sanofi-Aventis is inexcusable and Sanofi-Aventis has suffered prejudice thereby, and the plaintiffs' Complaint is barred by laches.

11. Plaintiffs have knowingly and intelligently waived their rights and the Complaint is barred to that extent.

12. The Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

13. Sanofi-Aventis breached no duty and owed no duty to plaintiffs.

14. At all relevant times, Sanofi-Aventis acted in conformity with the state-of-the-art and in conformity with generally recognized and prevailing standards.

15. Sanofi-Aventis denies that there existed any warranties, either expressed or implied, between it and the plaintiffs and/or Patricia Stanton's mother. Even if such warranties existed, the plaintiffs' claims for breach of warranty are barred by their failure to comply with notice provisions required by the Uniform Commercial Code or applicable law.

16. Neither plaintiff Patricia Stanton nor her mother relied on any statement, representation or warranty by or from Sanofi-Aventis.

17. Should Sanofi-Aventis be held liable to plaintiffs, which liability is specifically denied, Sanofi-Aventis would be entitled to a set-off for the total of all amounts paid to the plaintiffs from all collateral sources.

18. To the extent plaintiffs have settled, and/or released any party to this action, then Sanofi-Aventis' liability shall be reduced thereby under applicable law.

19. Recovery of any alleged damages by plaintiffs against Sanofi-Aventis is limited by the doctrine of avoidable consequences.

20. Plaintiffs have failed to take reasonable steps to mitigate their damages and, to that extent, they are barred from recovery.

21. To the extent plaintiffs have taken steps to mitigate their damages which were unreasonable or inadequate, any recover to plaintiffs is reduced thereby.

22. Any claims for punitive damages are barred by the provisions of all applicable local laws pertaining thereto.

23. Sanofi-Aventis demands that any claims for punitive damages should be bifurcated from plaintiffs' case-in-chief and be the subject of a separate trial.

24. The injuries complained-of were caused by the misuse or alteration of the product(s).

25. Plaintiffs' Complaint is barred to the extent plaintiffs seek the imposition of liability against Sanofi-Aventis based upon any action of Sanofi-Aventis that was taken in accordance with applicable federal statutes or regulations.

26. Plaintiffs' claims of "misrepresentation" are barred to the extent they fail to so allege with sufficient particularity to permit a response and they are thus barred by Fed. R. Civ. Pro. 9.

27. Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owed to them by Sanofi-Aventis at the time Patricia Stanton's mother allegedly used the drug referred to in the Complaint or by the reason of the doctrine of *en ventre sa mere* and, therefore, plaintiffs have failed to state facts sufficient to state a claim upon which relief can be granted.

28. Plaintiffs' Complaint fails to state a claim upon which relief can be granted to the extent the drug referred to in the Complaint is responsible for Patricia Stanton's birth.

29. If in fact the mother of plaintiff Patricia Stanton used the product referred to in the Complaint, upon information and belief, said product was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Sanofi-Aventis had no control.

30. To the extent that plaintiffs are unable to identify the manufacturer of the product which she alleges caused their injuries, imposition of liability on Aventis would constitute a taking of private property for public use in violation of Sanofi-Aventis's rights under the Constitution of the United States, including, but not limited to, its right to: equal protection of the laws; protection against deprivation of property without due process of law; be free of retroactive penalties; and protection against the taking of its private property for a public use without just compensation therefor.

WHEREFORE, Sanofi-Aventis demands judgment dismissing plaintiffs' Complaint with prejudice, the expense of defense and costs of suit, and for such other relief as this Court may deem appropriate.

## JURY DEMAND

Sanofi-Aventis hereby demands a trial by jury on all issues herein.

>McGIVNEY & KLUGER, P.C.
>23 Vreeland Road
>Suite 220
>Florham Park, New Jersey 07932
>(973) 822-1110
>Attorneys for defendant Sanofi-Aventis f/k/a Rhone-Poulenc Rorer Pharmaceuticals, Inc., a successor in interest to William H. Rorer, Inc.
>
>By: *William D. Sanders*
>      William D. Sanders (WS 2511)

Dated: February 4, 2008