## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
PATRICIA STANTON and STEVEN              *
STANTON,                                 *
                                         *
                 Plaintiffs,             *
                                         *
         vs.                             *        Case No. 1:08-cv-00022-RBW
                                         *
ELI LILLY AND COMPANY, et al.            *
                                         *
                 Defendants.             *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## DEFENDANT ELI LILLY AND COMPANY'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION TO COMPEL DISCOVERY DEPOSITION

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Eli Lilly and Company ("Lilly") respectfully moves the Court for entry of a protective order against plaintiffs' notice of *de bene esse* deposition of Helen Lashenick, the mother of plaintiff Patricia Stanton. Plaintiffs have made no showing why the extraordinary procedure of a *de bene esse* deposition is warranted at such an early stage in the case. Even if such a procedure is necessary to preserve Ms. Lashenick's testimony, plaintiffs have no grounds for refusing defendants' requests to conduct a discovery deposition prior to Ms. Lashenick's trial deposition. Thus, and as set forth below, good cause exists for the Court to enter a protective order under Rule 26(c) quashing plaintiffs' notice of *de bene esse* deposition of Ms. Lashenick or, in the alternative, mandating the opportunity for a discovery deposition prior to Ms. Lashenick's *de bene esse* deposition.

## I.    FACTUAL & PROCEDURAL BACKGROUND

During her pregnancy with plaintiff Patricia Stanton, Ms. Lashenick was allegedly prescribed and used diethylstilbestrol ("DES"), a drug manufactured by a great number of

different manufacturers, including Lilly and certain of the other defendants in this case. Plaintiff Patricia Stanton claims that she suffered injuries and incurred medical expenses for care and treatment as a consequence of her alleged *in utero* exposure to DES. Based on these allegations, she filed the instant action on December 14, 2007, asserting claims of negligence, strict liability, breach of warranty, and misrepresentation against Lilly and 15 other drug manufacturers.

Just more than a month later, on January 28, 2008, counsel for plaintiffs contacted counsel for defendants, informing them of plaintiffs' intention to conduct a "<u>trial</u> deposition" of Ms. Lashenick. January 28, 2008, Aaron Levine E-mail to Defendants, attached as **Exhibit 1** (emphasis in original). In this same communication, plaintiffs' counsel stated that "we cannot and will not push this deposition off for any extended period of time due to [Ms. Lashenick's] age and state of health." *Id.* Neither the e-mail nor the attached Notice of De Bene Esse Deposition provided further explanation for why a *de bene esse* deposition was necessary or provided details about Ms. Lashenick's "age and state of health." *See* Exhibit 1; Notice of De Bene Esse Deposition, attached as **Exhibit 2**. A later communication from plaintiffs' counsel revealed that Ms. Lashenick is an 84-year-old diabetic but gave no additional information. January 30, 2008, Benjamin Cooper E-mail to Defendants, attached as **Exhibit 3**. The date for the *de bene esse* deposition is currently set for Wednesday, February 27, 2008,[1] at the offices of a law firm near to Ms. Lashenick's residence. First Amended Notice of De Bene Esse Deposition, attached as **Exhibit 4**.

Not surprisingly considering the timing of the notice of *de bene esse* deposition, no significant steps have yet been taken in discovery in this case. For example, no status

---

[1]     The original notice set the date for "Thursday, February 21, 2008," but the amended notice changed the date to "Thursday, February 27, 2008." *Compare* Exhibit 2 *with* Exhibit 4. February 27, 2008, is a Wednesday. Plaintiffs' e-mail communication to defendants clarifies that plaintiffs intend to conduct the *de bene esse* deposition on Wednesday, February 27, 2008. *See* Exhibit 3.

145514v1

conference has been held; the parties have not had the opportunity to meet to develop a discovery plan pursuant to Rule 26(f); and the court has not yet entered a scheduling order for the case pursuant to Rule 16(b)(1). Additionally, defendants have not received any records or discovery responses from plaintiffs. Although plaintiffs' counsel has promised to provide "relevant medical records and other information" before Ms. Lashenick's scheduled *de bene esse* deposition, such information has not yet been produced[2] and, in any event, will almost certainly be more limited than the information sought by defendants through formal discovery requests.

Knowing little to no information about Ms. Lashenick or her knowledge concerning the factual circumstances of the case, counsel for Lilly requested that plaintiffs provide defendants an opportunity for a discovery deposition before the scheduled *de bene esse* deposition. January 30, 2008, Ericka Kleiman E-mail to Levine and Co-Defendants, attached as **Exhibit 5**. Plaintiffs' counsel refused. Exhibit 3 ("There will be no discovery deposition beyond this deposition").

In a second attempt, counsel for Lilly explained that the "request for a discovery deposition is not done with the intent of harrassing [*sic*] Ms. Lashenick or causing her undue discomfort." February 1, 2008, Ericka Kleiman E-mail to Cooper and Co-Defendants, attached as **Exhibit 6**. Thus, counsel for Lilly offered to conduct the discovery deposition on the same day as the *de bene esse* deposition, with a break for Ms. Lashenick to recuperate, or "in any other manner that would accommodate her health issues." *Id*. In a telephone conversation on February 5, 2008, counsel for plaintiffs once again refused the request for a discovery deposition of Ms. Lashenick.

## II.    COUNSEL'S CERTIFICATE OF GOOD FAITH CONFERENCE

---

[2]    Plaintiffs promised to provide this information during the week of February 4-8, 2008. As of the time of filing this motion, Lilly had received no such information.

145514v1

Throughout late January and early February, counsel for plaintiffs and counsel for Lilly conferred, as required by Rule 26(c), in an attempt to resolve the instant discovery dispute without Court action. Despite their good faith efforts, the parties could not amicably resolve this discovery dispute. As relayed above, plaintiffs' counsel insisted on a *de bene esse* deposition of Ms. Lashenick without providing sufficient explanation for its need and refused to accommodate Lilly's repeated requests for a discovery deposition of the witness.

## III.    RULE 26(c) STANDARD

The party seeking to limit discovery under Rule 26(c) bears the burden of showing "good cause" by demonstrating specific facts to support its request. *Alexander v. F.B.I.*, 186 F.R.D. 71, 75 (D.D.C. 1998) (*citing* FED. R. CIV. P. 26(c)); *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001). Good cause exists "when justice requires the protection of one party or person from any annoyance, embarrassment, oppression, or undue burden or expense." *Alexander*, 186 F.R.D. at 75; *see also* FED. R. CIV. P. 26(c).

Courts have "substantial latitude to fashion protective orders," *Seattle Times Co. v. Rhinehart*, 476 U.S. 20, 36 (1984). When dealing with a protective order relating to deposition testimony, "courts employ a balancing test to determine whether good cause has been shown by the party seeking to quash the deposition." *Alexander*, 186 F.R.D. at 75. Specifically, courts weigh the movant's proffer of harm against the significant interest in preparing for trial. *Jennings*, 201 F.R.D. at 275.

## IV.    DISCUSSION

### A.    Plaintiffs Make No Showing to Justify a *De Bene Esse* Deposition at This Point in the Litigation.

Under Federal Rule of Civil Procedure 32(a)(3)(C), the deposition of a witness may be used at trial if the court finds that "the witness is unable to attend or testify because of

145514v1

age, illness, [or] infirmity." With this standard in mind, parties often employ the use of a *de bene esse* deposition, which is a deposition "taken specifically for use in lieu of live testimony at trial." *Donk v. Miller*, No. 99 CIV 3775 KMW FM, 2000 WL 218400, at *2 (S.D.N.Y. Feb. 24, 2000) (*citing Tatman v. Collins,* 938 F.2d 509, 510 (4th Cir. 1991)); *see also Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1359 n.3 (11th Cir. 2002) (recognizing *de bene esse* deposition "to mean depositions that may be used at trial if the witness is unable to attend the trial"). A *de bene esse* deposition is "conducted under trial rules of evidence rather than as a discovery deposition." *George v. Ford Motor Co.*, No. 03 Civ. 7643(GEL), 2007 WL 2398806, at *12 (S.D.N.Y. Aug. 17, 2007).

As this Court has recognized, a *de bene esse* deposition is an "extraordinary device" that should not be used in every circumstance. *Bregman v. D.C.*, No. Civ.A. 97-789 HHKJMF, 1998 WL 665018, at *1 (D.D.C. Sept. 28, 1998). Rather, a *de bene esse* deposition is appropriate only when circumstances beyond a witness' control make it "*impossible* for the witness to appear" at trial. *Id.* (emphasis added). "The gravity of a final illness and the near certainty of a sudden death are, for example, grounds for such a deposition because there is a danger of the testimony being lost." *Id.*

Plaintiffs in this case have failed to establish that adequate grounds for a *de bene esse* deposition of Ms. Lashenick exist. The only reasons given for such a deposition are that Ms. Lashenick is 84-years-old and suffers from diabetes. While the witness is certainly of an advanced age, that alone does not establish that it would be impossible for Ms. Lashenick to appear at trial. Additionally, diabetes is a disease that affects different people in different ways and that, if properly controlled, can often have minimal impact on a person's ability to function in day-to-day life. Plaintiffs have made no showing that Ms. Lashenick's age or diabetes

presents a situation akin to "a final illness" or "near certain sudden death" such that a *de bene esse* deposition is appropriate in this case.

Even assuming that Ms. Lashenick's age and illness make it likely that she will be unable to testify at trial, plaintiffs have offered no explanation for requiring a *de bene esse* deposition at this point in the litigation. As previously stated, this case is in its earliest stages; parties have yet to meet and confer pursuant to Rule 26(f) and plaintiffs have not yet provided any discovery responses to defendants. Plaintiffs make no claim that Ms. Lashenick is so near to death or suffering from an infirmity so great that her deposition must be taken immediately – prior to any discovery in the case – or her testimony will be forever lost. Indeed, plaintiffs offer no evidence that would justify the use of such an extraordinary procedure as a *de bene esse* deposition before any discovery has taken place. To require defendants to conduct a *de bene esse* deposition when none of the facts or issues of the case have been exposed or explored through discovery imposes an undue burden on the defendants by hindering their significant interest in preparing for trial. For this reason, the Court should enter a protective order quashing plaintiffs' notice of *de bene esse* deposition of Ms. Lashenick.

**B.      Even If a *De Bene Esse* Deposition is Warranted at This Time, Defendants Are Entitled to a Discovery Deposition.**

Even in the event that a *de bene esse* deposition is, in fact, warranted based on Ms. Lashenick's age and the state of her health, that does not end the inquiry. In such a situation, steps should, of course, be taken to accommodate Ms. Lashenick while preserving her testimony for trial. At the same time, however, defendants should not be deprived of their right to properly prepare for trial. Defendants should be provided the opportunity to conduct a discovery deposition of Ms. Lashenick before her *de bene esse* deposition.

145514v1

Federal rules relating to pretrial discovery were intended to allow "parties to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Thus, the courts recognize that "Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (*citing* FED. R. CIV. P. 26(b)(1)). Similarly, because a defendant's interests in conducting discovery and preparing a case for trial are so important, "great care must be taken to avoid their unnecessary infringement." *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994); *cf. Jennings*, 201 F.R.D. at 275 (recognizing a party's significant interest in preparing for trial). Plaintiffs' insistence on a *de bene esse* deposition without providing the opportunity for a discovery deposition beforehand does just that; it unnecessarily infringes on the interest that defendants in this case have in preparing adequately for trial and, more specifically, preparing to cross examine Ms. Lashenick during her *de bene esse* deposition.

Ms. Lashenick's testimony is critical to important issues in this case. For example, her testimony will be integral to establishing whether and when exposure to DES occurred. Even more significant given the number of defendants in this case, Ms. Lashenick's testimony will be essential for purposes of product identification. For the same reason that Ms. Lashenick's testimony is important, it is equally important that defendants have the ability to conduct discovery related to what Ms. Lashenick knows and to what she will testify. Because this case has just begun, a deposition discovery is the only means by which defendants will be able to garner information about Ms. Lashenick before questioning her for the purpose of preparing testimony to be introduced at trial. To preclude defendants from employing this

discovery procedure is unduly burdensome in that it leaves defendants ill-prepared to develop crucial testimony in the case.

Lilly has expressed a willingness to accommodate any health issues of Ms. Lashenick when scheduling a discovery deposition. Despite this offer and without any apparent justification for doing so, plaintiffs refuse to allow for a discovery deposition prior to the scheduled *de bene esse* deposition of Ms. Lashenick. To deny defendants a discovery deposition before a *de bene esse* deposition at this point in the case is no different than requiring defendants to examine a witness at trial without ever having had the opportunity to discover any information relating to the witness or the witness' knowledge about issues pertinent to the case. Such a situation runs far afoul of the principles underlying the federal rules of discovery. *See, e.g., Hickman*, 329 U.S. at 501 (goal of pretrial discovery is for "parties to obtain the fullest possible knowledge of the issues and facts before trial").

For these reasons, in the event that this Court determines that a *de bene esse* deposition of Ms. Lashenick is warranted at this point in the case, this Court should enter a protective order mandating the opportunity for a discovery deposition prior to the *de bene esse* deposition.

## V.    CONCLUSION

Plaintiffs have recently served Lilly and the 15 other defendants in this case with notice of *de bene esse* deposition of Helen Lashenick, who, as mother of plaintiff Patricia Stanton, is an important witness in the case. Plaintiffs have failed to explain why the extraordinary procedure of a *de bene esse* deposition is warranted so early in the litigation, when no discovery has yet been conducted. Even if a *de bene esse* deposition is necessary at this point, however, plaintiffs' counsel's refusal to allow for a discovery deposition before Ms. Lashenick's

145514v1

*de bene esse* deposition unduly burdens defendants' right to prepare for trial.  For these reasons, good cause exists for the Court to enter a protective order under Rule 26(c) quashing plaintiffs' notice of *de bene esse* deposition of Ms. Lashenick or, in the alternative, mandating the opportunity for a discovery deposition prior to the *de bene esse* deposition.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14th Street, NW Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

145514v1

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on this 14th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

• Elizabeth Ann Billingsley
**elizabeth.billingsley@troutmansanders.com**

• Kathleen M. Bustraan
**bustraan@lordwhip.com**

• Janet K. Coleman
**jcoleman@whitneybogris.com**

• Benjamin Jay Cooper
**bjcooper@aaronlevinelaw.com**

• Elizabeth Ewert
**elizabeth.ewert@dbr.com**

• Sarah S. Keast
**skeast@goodwinprocter.com**

• Robert N. Kelly
**rkelly@jackscamp.com**

• Sidney G. Leech
**sgl@gdldlaw.com**, **msb@gdldlaw.com**

• Aaron M. Levine
**aaronlevinelaw@aol.com**

• Brandon J. Levine
**levbran@aol.com**

• Jennifer Gardner Levy
**jlevy@kirkland.com**

• Steven Jay Lewis
**slewis@aaronlevinelaw.com**

• Sean Charles Edward McDonough
**smcdonough@hudginslawfirm.com**

• Renee Lynne Robinson-Meyer

145514v1

**aaronlevinelaw@aol.com**

• William David Sanders
**wsanders@mcgivneyandkluger.com**

      Further, I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants:

N/A

                                  /s/ John Chadwick Coots
                                  **ATTORNEY FOR DEFENDANT**
                                  **ELI LILLY AND COMPANY**

145514v1

# EXHIBIT 1

**Weisshaar, Jesse (SHB)**

| | |
|---|---|
| **From:** | Kleiman, Ericka L. (SHB) |
| **Sent:** | Tuesday, February 05, 2008 10:41 AM |
| **To:** | Weisshaar, Jesse (SHB) |
| **Subject:** | FW: Patricia Stanton, et al. v. Eli Lilly and Company, et al. |
| **Attachments:** | Stanton_Mom_Depo_Notice.pdf |

**From:** aaronlevinelaw@aol.com [mailto:aaronlevinelaw@aol.com]
**Sent:** Monday, January 28, 2008 3:59 PM
**To:** Kleiman, Ericka L. (SHB); Gregor, Jonathan (Jon) H. (SHB); jlevy@kirkland.com; sgl@gdldlaw.com; Elizabeth.Billingsley@troutmansanders.com; jluse@TydingsLaw.com; jcoleman@whitneybogris.com; bustraan@lordwhip.com; Elizabeth.Ewert@dbr.com; skeast@goodwinprocter.com; wsanders@mcgivneyandkluger.com; rkelly@jackscamp.com
**Subject:** Patricia Stanton, et al. v. Eli Lilly and Company, et al.

Dear Counselors:
We would like to schedule the trial deposition of Ms. Stanton's mother due to her age and ongoing medical problems. To that end, we have attached a Notice of De Bene Esse Deposition for Thursday, February 21, 2008 at the mother's assisted living home. While we have some flexibility with regard to the date, we cannot and will not push this deposition off for any extended period of time due to this woman's age and state of health. We will of course provide you with as much preliminary information as we can prior to the deposition. If you have any questions, please let me know. Thank you for your anticipated cooperation.
Very Sincerely,
Aaron M. Levine
Aaron M. Levine & Associates

More new features than ever. Check out the new AOL Mail!

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RECEIVED
JAN 30 2008
SHOOK, HARDY, & BACON LLP

PATRICIA STANTON, et al.,          ]
                                    ]
        Plaintiffs,                 ]
                                    ]
    v.                              ]          Civil Action No.: 08-00022 (RBW)
                                    ]          Next Event:
ELI LILLY AND COMPANY, et al.,      ]
                                    ]
        Defendants.                 ]

<u>**NOTICE OF DE BENE ESSE DEPOSITION**</u>

NOTICE IS HEREBY GIVEN, that counsel giving this notice on behalf of his clients, will

take the stenographically recorded De Bene Esse Deposition of Ms. Helen Lashenick on Thursday,

February 21, 2008, beginning at 3:00 p.m. in the Conference Room at Sunrise Assisted Living, 34

South Main Street, Marlboro, New Jersey 07746 before an officer authorized by law to administer

oaths. Said deposition shall be for the purpose of evidence at trial.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 28th day of January, 2008, a true and correct copy of the foregoing Notice of De Bene Esse Deposition was electronically mailed and mailed, first-class postage prepaid to:

Jonathan C. Gregor, Esq.
Shook, Hardy & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

Ericka L. Kleiman, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC   20005

Jennifer Gardner Levy, Esq.
Kirkland & Ellis
655 Fifteenth Street, N.W.
Suite 1200
Washington, DC   20005

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD   21202

Elizabeth A. Billingsley, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA   22102

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD   21202

Janet K. Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD   21204

Kathleen Bustraan, Esq.
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, MD  21201

Elizabeth Ewert, Esq.
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Suite 1100
Washington, DC   20005

Sarah S. Keast, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC   20001

Robert N. Kelly, Esq.
Jackson & Campbell, P.C.
1120 29th Street, N.W.
Washington, DC   20036-3406

William David Sanders, Esq.
McGivney & Kluger, P.C.
23 Vreeland Avenue
Suite 200
Florham Park, NJ   07932


_____
Aaron M. Levine

**EXHIBIT 3**

## Weisshaar, Jesse (SHB)

| | |
|---|---|
| **From:** | Kleiman, Ericka L. (SHB) |
| **Sent:** | Tuesday, February 05, 2008 10:42 AM |
| **To:** | Weisshaar, Jesse (SHB) |
| **Subject:** | FW: Stanton v. Eli Lilly and Co - Notice of Amended Deposition |

**Attachments:**     Stanton v Eli Lilly - First Amended Notice of De Bene Deposition.pdf



Stanton v Eli Lilly -
First Am...

```
-----Original Message-----
From: Benjamin J. Cooper [mailto:bjcooper@aaronlevinelaw.com]
Sent: Wednesday, January 30, 2008 5:08 PM
To: Kleiman, Ericka L. (SHB); Gregor, Jonathan (Jon) H. (SHB); jlevy@kirkland.com;
sgl@gdldlaw.com; elizabeth.Billingsley@troutmansanders.com; jluse@tydingslaw.com; Janet
Coleman; bustraan@lordwhip.com; elizabeth.ewert@dbr.com; skeast@goodwinprocter.com;
wsanders@mcgivneyandkluger.com; rkelly@jackscamp.com
Cc: Renee Robinson-Meyer
Subject: Stanton v. Eli Lilly and Co - Notice of Amended Deposition
```

Dear Counsel:

Please find attached an amended notice of de bene esse deposition for Ms.
Helen Lashenick, Ms. Stanton's mother.  It is now scheduled for Wednesday, February 27, at
1:00PM.

There will be no discovery deposition beyond this deposition; Ms. Lashenick is eighty-four
years old and suffers from diabetes.

As for relevant medical records and other information requested by some counsel, these
will be provided next week.

Benjamin J. Cooper
Law Offices of Aaron M. Levine & Associates 1320 Nineteenth Street, N.W.
5th Floor
Washington, DC 20036
Telephone (202) 833-8040
Fax: (202) 833-8046
Email: bjcooper@aaronlevinelaw.com
* * * *

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for
the person or entity to which it is addressed and may contain confidential and/or
privileged material. Any unauthorized review, use, disclosure or distribution is
prohibited. If you are not the intended recipient, please contact the sender by reply e-
mail and destroy all copies of the original message. Thank you.

**EXHIBIT 4**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RECEIVED

FEB - 4 2008

SHOOK, HARDY, & BACON LLP

PATRICIA STANTON, et al.,          )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )        **Civil Action No.: 08-00022 (RBW)**
                                   )        **Next Event:**
ELI LILLY AND COMPANY, et al.,     )
                                   )
        Defendants.                )


**FIRST AMENDED NOTICE OF DE BENE ESSE DEPOSITION**

NOTICE IS HEREBY GIVEN, that counsel giving this notice on behalf of his clients, will

take the stenographically recorded De Bene Esse Deposition of Ms. Helen Lashenick on Thursday,

February 27, 2008, beginning at 1:00 p.m., at the offices of:

Lomurro Davison, Eastman, and Muñoz, P.A.
100 Willow Brook Road
Building #1
Freehold, NJ 07728

before an officer authorized by law to administer oaths. Said deposition shall be for the purpose of

evidence at trial.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of January, 2008, a true and correct copy of the

foregoing Notice of De Bene Esse Deposition was electronically mailed and mailed, first-class

postage prepaid to:

Jonathan C. Gregor, Esq.
Shook, Hardy & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

Ericka L. Kleiman, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC   20005

Jennifer Gardner Levy, Esq.
Kirkland & Ellis
655 Fifteenth Street, N.W.
Suite 1200
Washington, DC   20005

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD   21202

Elizabeth A. Billingsley, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA   22102

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD   21202

Janet K. Coleman, Esq.
Whitney & Bogris, LLP

-2-

401 Washington Avenue, Twelfth Floor
Towson, MD  21204

Kathleen Bustraan, Esq.
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, MD  21201

Elizabeth Ewert, Esq.
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Suite 1100
Washington, DC  20005

Sarah S. Keast, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC  20001

Robert N. Kelly, Esq.
Jackson & Campbell, P.C.
1120 29th Street, N.W.
Washington, DC  20036-3406

William David Sanders, Esq.
McGivney & Kluger, P.C.
23 Vreeland Avenue
Suite 200
Florham Park, NJ  07932


_____
Aaron M. Levine

**EXHIBIT 5**

## Weisshaar, Jesse (SHB)

| | |
|---|---|
| **From:** | Kleiman, Ericka L. (SHB) |
| **Sent:** | Tuesday, February 12, 2008 2:07 PM |
| **To:** | Weisshaar, Jesse (SHB) |
| **Subject:** | FW: Patricia Stanton, et al. v. Eli Lilly and Company, et al. |

---

**From:** Kleiman, Ericka L. (SHB)
**Sent:** Wednesday, January 30, 2008 9:02 AM
**To:** 'aaronlevinelaw@aol.com'; Gregor, Jonathan (Jon) H. (SHB); 'jlevy@kirkland.com'; 'sgl@gdldlaw.com'; 'Elizabeth.Billingsley@troutmansanders.com'; 'jluse@TydingsLaw.com'; 'jcoleman@whitneybogris.com'; 'bustraan@lordwhip.com'; 'Elizabeth.Ewert@dbr.com'; 'skeast@goodwinprocter.com'; 'wsanders@mcgivneyandkluger.com'; 'rkelly@jackscamp.com'
**Subject:** RE: Patricia Stanton, et al. v. Eli Lilly and Company, et al.

Mr. Levine,

With respect to your request to schedule the trial deposition of Ms. Stanton's mother, a few things. First, February 21, 2008 does not work for me. Second, we will need a set of all pertinent medical records as well as information comparable to what we would receive in response to our discovery responses at least 15 days prior to the deposition. Third, we will want to take a discovery deposition before the trial deposition is conducted. Fourth, we would appreciate it if you would provide us with some further details regarding Ms. Stanton's mother's ongoing medical problems. Please let me know as soon as possible if these items are acceptable to you.

Thanks,
Ericka Kleiman

---

**From:** aaronlevinelaw@aol.com [mailto:aaronlevinelaw@aol.com]
**Sent:** Monday, January 28, 2008 3:59 PM
**To:** Kleiman, Ericka L. (SHB); Gregor, Jonathan (Jon) H. (SHB); jlevy@kirkland.com; sgl@gdldlaw.com; Elizabeth.Billingsley@troutmansanders.com; jluse@TydingsLaw.com; jcoleman@whitneybogris.com; bustraan@lordwhip.com; Elizabeth.Ewert@dbr.com; skeast@goodwinprocter.com; wsanders@mcgivneyandkluger.com; rkelly@jackscamp.com
**Subject:** Patricia Stanton, et al. v. Eli Lilly and Company, et al.

Dear Counselors:
We would like to schedule the trial deposition of Ms. Stanton's mother due to her age and ongoing medical problems. To that end, we have attached a Notice of De Bene Esse Deposition for Thursday, February 21, 2008 at the mother's assisted living home. While we have some flexibility with regard to the date, we cannot and will not push this deposition off for any extended period of time due to this woman's age and state of health. We will of course provide you with as much preliminary information as we can prior to the deposition. If you have any questions, please let me know. Thank you for your anticipated cooperation.
Very Sincerely,
Aaron M. Levine
Aaron M. Levine & Associates

---

More new features than ever. Check out the new AOL Mail!

**EXHIBIT 6**

**Weisshaar, Jesse (SHB)**

| | |
|---|---|
| **From:** | Kleiman, Ericka L. (SHB) |
| **Sent:** | Tuesday, February 05, 2008 10:42 AM |
| **To:** | Weisshaar, Jesse (SHB) |
| **Subject:** | FW: Stanton v. Eli Lilly and Co - Notice of Amended Deposition |

-----Original Message-----
From: Kleiman, Ericka L. (SHB)
Sent: Friday, February 01, 2008 10:32 AM
To: 'Benjamin J. Cooper'; 'jlevy@kirkland.com'; 'sgl@gdldlaw.com';
'elizabeth.Billingsley@troutmansanders.com'; 'jluse@tydingslaw.com'; 'Janet Coleman';
'bustraan@lordwhip.com'; 'elizabeth.ewert@dbr.com'; 'skeast@goodwinprocter.com';
'wsanders@mcgivneyandkluger.com'; 'rkelly@jackscamp.com'
Cc: 'Renee Robinson-Meyer'
Subject: RE: Stanton v. Eli Lilly and Co - Notice of Amended Deposition

Mr. Cooper,

Our request for a discovery deposition is not done with the intent of harrassing Ms.
Lashenick or causing her undue discomfort.  Accordingly, we are happy to do the discovery
deposition on the same day as the de bene esse deposition with perhaps an hour between or
in any other manner that would accommodate her health issues.

Her testimony is obviously very important to product identification and exposure.
Particularly in a case with so many defendants.  Accordingly, I think that most judges
would allow us the opportunity to take a discovery deposition prior to her trial depo
unless truly exigent circumstances are demonstrated that preclude that possibility.

Perhaps if you can provide further information regarding her current health condition, we
could make a more informed decision as to how we are going to proceed.  Please let me know
by COB on Monday if you will allow us the opportunity to take a discovery deposition and,
if not, provide me with more information as to why you won't allow that to occur.  Thank
you and I look forward to your response.

Ericka Kleiman

-----Original Message-----
From: Benjamin J. Cooper [mailto:bjcooper@aaronlevinelaw.com]
Sent: Wednesday, January 30, 2008 5:08 PM
To: Kleiman, Ericka L. (SHB); Gregor, Jonathan (Jon) H. (SHB); jlevy@kirkland.com;
sgl@gdldlaw.com; elizabeth.Billingsley@troutmansanders.com; jluse@tydingslaw.com; Janet
Coleman; bustraan@lordwhip.com; elizabeth.ewert@dbr.com; skeast@goodwinprocter.com;
wsanders@mcgivneyandkluger.com; rkelly@jackscamp.com
Cc: Renee Robinson-Meyer
Subject: Stanton v. Eli Lilly and Co - Notice of Amended Deposition

Dear Counsel:

Please find attached an amended notice of de bene esse deposition for Ms.
Helen Lashenick, Ms. Stanton's mother.  It is now scheduled for Wednesday, February 27, at
1:00PM.

There will be no discovery deposition beyond this deposition; Ms. Lashenick is eighty-four
years old and suffers from diabetes.

As for relevant medical records and other information requested by some counsel, these
will be provided next week.

Benjamin J. Cooper
Law Offices of Aaron M. Levine & Associates 1320 Nineteenth Street, N.W.
5th Floor

Washington, DC 20036
Telephone (202) 833-8040
Fax: (202) 833-8046
Email: bjcooper@aaronlevinelaw.com
* * * *

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
PATRICIA STANTON and STEVEN           *
STANTON,                              *
                                      *
              Plaintiffs,             *
                                      *
       vs.                            *        Case No. 1:08-cv-00022-RBW
                                      *
ELI LILLY AND COMPANY, et al.         *
                                      *
              Defendants.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## [PROPOSED] ORDER

Defendant Eli Lilly and Company's Motion for a Protective Order or, in the alternative, Motion to Compel Discovery Deposition having been considered and it appearing to the Court that good cause exists for a protective order,

IT IS HEREBY ORDERED that plaintiffs' First Amended Notice of De Bene Esse Deposition of Ms. Helen Lashenick is quashed.

SO ORDERED, this the ____ day of _____, 2008

_____
Judge Reggie Walton
United States District Court
District of Columbia

145630v1

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PATRICIA STANTON and STEVEN STANTON,**

                    **Plaintiffs,**

    **vs.**

**ELI LILLY AND COMPANY,** *et al.*

                    **Defendants**.

**Case No. 1:08-cv-00022-RBW**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### [ALTERNATIVE PROPOSED] ORDER

Defendant Eli Lilly and Company's Motion for a Protective Order or, in the alternative, Motion to Compel Discovery Deposition having been considered and it appearing to the Court that good cause exists for an order compelling a discovery deposition,

IT IS HEREBY ORDERED that plaintiffs' must provide defendants an opportunity to conduct a discovery deposition of Ms. Helen Lashenick before Ms. Lashenick's *de bene esse* deposition.

SO ORDERED, this the ____ day of _____, 2008

_____
Judge Reggie Walton
United States District Court
District of Columbia

145630v1