IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA STANTON, et al.,     ] | |
| ] | |
| Plaintiffs,     ] | |
| ] | |
| v.     ] | Civil Action No.: 08-00022 (RBW) |
| ] | |
| ELI LILLY AND COMPANY, et al.,     ] | |
| ] | |
| Defendants.     ] | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S
MOTION FOR PROTECTIVE ORDER, OR, IN THE ALTERNATIVE,
TO COMPEL DISCOVERY DEPOSITION**

COME NOW Plaintiffs, through counsel, and oppose the Motion of Defendant Eli Lilly and Company ("Lilly") for a protective order, and as grounds therefore state:

Plaintiffs do not seek to preclude Lilly from taking a later deposition of Helen Lashenick if that is possible. Plaintiffs only seek to depose Ms. Lashenick as soon as possible. Ms. Lashenick is an octogenarian in generally poor health, including diabetes. She lives in a nursing home where she requires regular assistance. Plaintiffs are not confident that she will be healthy enough to testify at a deposition after the initial scheduling conference, much less that she will be available and healthy enough to appear at trial. Lilly is entitled to seek a further deposition of Ms. Lashenick during discovery; however, Plaintiffs are not confident that she will be in sufficient health to be deposed at any future time, and therefore cannot guarantee her attendance.

All Defendants, including Lilly, are in possession of Ms. Lashenick's statement containing her expected testimony (see Appendix 1) and will have the opportunity to cross-examine Ms. Lashenick. Plaintiffs' scheduled deposition is fair and appropriate.

I.  **A DE BENE ESSE DEPOSITION IS APPROPRIATE AT THIS TIME**

As Lilly states in its motion, "Ms. Lashenick's testimony is critical to important issues in this case." See Lilly's Mtn. At 7, Docket No. 43. It is Plaintiffs' burden to come forward with evidence in support of their case. As Ms. Lashenick's health is fragile and uncertain, Plaintiffs wish to preserve her testimony as soon as possible. Lilly, as a defendant, does not require Ms. Lashenick's testimony, and if she dies or becomes incapacitated prior to a scheduled deposition, Lilly would benefit.

In recent cases, courts have found that, functionally, there is little difference between a "discovery" deposition and a *de bene esse* or "trial" deposition. See, e.g., Marshall v. Rice, 211 F.R.D. 680, 681 (M.D. Fla. 2002) ("Simply put, the rules no longer recognize *de bene esse* depositions."); In re Tutu Water Wells Contamination CERCLA Litig., 189 F.R.D. 153, (D.V.I. 1999) (refusing to allow a *de bene esse* deposition as an elderly witness had been deposed previously); Melore v. Great Lakes Dredge & Dock Co., No. 95-7644, 1996 U.S. Dist. LEXIS 140003 at *11 (E.D. Pa. Sept. 20, 1996) ("Regardless of whether it was a 'discovery' or a 'trial' deposition, counsel are always on notice that a deposition may be used at trial"). Plaintiffs' classification of Ms. Lashenick's deposition as *de bene esse* is to emphasize the need for promptness in deposing Ms. Lashenick; it does not privilege the deposition as exclusive or preeminent.

Plaintiffs' purpose in classifying Ms. Lashenick's deposition as *de bene esse* is so that her testimony can be taken in advance of the scheduling conference. See Bouyges Telecom, S.A. v. Telekec, Inc., 238 F.R.D. 413, 414-15 (E.D.N.C. 2006) (holding that *de bene esse* depositions may be taken outside of the limits set forth by the scheduling order). Plaintiffs' only desire is to preserve Ms. Lashenick's testimony while she is still able to testify; Plaintiffs are not looking to short-circuit

the normal course of discovery or trial. Plaintiffs will not object and will cooperate if Lilly requests her further deposition or appearance at trial.

Lilly's cases do not establish that a *de bene esse* deposition is inappropriate. Bregman v. District of Columbia, No. 97-789, 1998 U.S. Dist. LEXIS 22793 (D.D.C. Sept. 28, 1998) stands for the proposition that a witness's refusal to appear at trial – here, an abusive police officer's expressed determination to flee the country – is not sufficient grounds for a *de bene esse* deposition. Id. at *1-3. Bregman does not establish that a person must be definitively dying that moment in order for a deposition to be taken. Similarly, the reason for the *de bene esse* deposition in Donk v. Miller, No. 99 CIV 3775 KMW FM, 2000 U.S. Dist. LEXIS 1871 (S.D.N.Y. Feb. 24, 2000) was to reduce the cost of making the witnesses appear, not the unavailability of the witnesses, who were healthy and could be compelled by the party to attend. See id. at *13-15. Both of these situations are far from the instant case, where Plaintiffs expect that Ms. Lashenick will be unavailable at trial.

**II.   CONCLUSION**

Ms. Lashenick is potentially fragile, and Plaintiffs noticed her deposition to ensure that she could be heard on the record before too much time had passed. Plaintiffs need Ms. Lashenick's testimony to make their case, and it would be unfair of the Court to force Plaintiffs to bet their entire case on the continued health of a sick, elderly woman. Lilly will be able to seek a future deposition should it require one. Therefore, Lilly's motion should be DENIED.

>Respectfully submitted,
>
>AARON M. LEVINE & ASSOCIATES
>
>
>　　/s/ Aaron M. Levine
>AARON M. LEVINE, #7864

>1320 19th Street, N.W.
>Suite 500
>Washington, DC   20036
>202-833-8040
>
>Counsel for Plaintiffs

## LCvR 7(f) REQUEST FOR ORAL ARGUMENT

Pursuant to Local Civil Rule 7(f), Plaintiffs respectfully request oral argument on this motion.

>          /s/ Aaron M. Levine          
>Aaron M. Levine

# Appendix 1

## STATEMENT OF HELEN LASHENICK

1. I reside at Sunrise Assisted Living, 3A South Main Street, Room 322, Marlboro, New Jersey, and was born on November 24, 1924.

2. I am the mother of Patricia Stanton, who resides at 12 Billings Park, Newton, Massachusetts, and was born on February 9, 1955.

3. While pregnant with Patricia, I consulted Dr. William Pomerance of Brooklyn, New York for care and treatment of the pregnancy.

4. Early in the pregnancy, I recall receiving a prescription for diethylstilbestrol ("DES") from Dr. Pomerance to prevent miscarriage.

5. The prescription was dispensed by my father, Meyer Silverstein, who owned and operated Lyon's Pharmacy located at 350 West 125th Street in New York City.

6. I recall taking DES in accordance with Dr. Pomerance's instructions at increasing dosages from early in the pregnancy until I delivered in February 1955.

7. I also recall taking DES during my subsequent pregnancies in 1959, 1964, and 1965.

8. The DES pills I took were small, white, round, and cross-scored without any other markings or writing on them as shown in the attached photograph.

9. Had my doctor or father advised me that DES could have presented a risk of injury or malformation to my baby, I would not have taken it.

I declare under penalty of perjury that the foregoing statement is true and correct and is based upon my personal knowledge and recollection of the facts set forth. Executed this 17 day of February 2008.

HELEN LASHENICK

Witnessed by:
Address: 12 Billings Park
Newton, MA
02458

RE: STANTON



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA STANTON, et al.,** | ] |
| | ] |
| Plaintiffs, | ] |
| | ] |
| v. | ]   Civil Action No.: 08-00022 (RBW) |
| | ] |
| **ELI LILLY AND COMPANY, et al.,** | ] |
| | ] |
| Defendants. | ] |

**(PROPOSED) ORDER**

**UPON CONSIDERATION** of Defendant Eli Lilly and Company's Motion for Protective Order, or, In the Alternative, to Compel Discovery Deposition, Plaintiff's Opposition thereto, and for good cause shown, it is hereby

ORDERED that Defendant's Motion to Strike is DENIED.

Dated _____, 2008.

_____
The Honorable Reggie B. Walton
United States District Court Judge