IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA STANTON, et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | Civil Action No.: 08-00022 (RBW) |
| ] | |
| **ELI LILLY AND COMPANY, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S
EMERGENCY MOTION FOR EXPEDITED CONSIDERATION**

COME NOW Plaintiffs, through counsel, and oppose Defendant Eli Lilly and Company's ("Lilly") Motion for Expedited Consideration, and as grounds therefore, state:

There has been no objection to this deposition by any of the other defendants in this case. Rescheduling a time and a place for a deposition at a later date, especially given the number of parties and the fragility of the deponent, will delay Plaintiffs' opportunity to depose this critical and fragile witness. To the extent that Lilly has objections to the nature of this deposition, those objections can be considered after the deposition is taken. Lilly is not asking for protection against the deposition of one of its witnesses or employees. Lilly is, instead, "running the clock" on the availability of Ms. Helen Lashenick, hoping to wear her down by a lengthy deposition prior to Plaintiffs' opportunity.

Plaintiffs, through this deposition, seek only to confirm the statement of Ms. Lashenick already provided to Defendants, which should not take longer than ten minutes; Lilly and the other defendants will have ample time to cross examine the witness. Plaintiffs have already in their Opposition to Lilly's initial motion conceded that Lilly may take a further deposition of Ms. Helen

Lashenick if her health permits. As such, Lilly loses nothing by having this deposition taken; should Lilly require further information, Plaintiffs will cooperate in a further deposition. Whatever residual issue regarding this deposition Lilly requires adjudicated can wait until after the deposition is taken.

The designation of Plaintiffs' deposition as *de bene esse* does not privilege it as "more trial-worthy" than any other deposition. See Tatman v. Collins, 938 F.2d 509, 511 (4th Cir. 1991) (finding an abuse of discretion to allow a "trial" deposition and not the "discovery" deposition of the same witness).

Plaintiffs would be prejudiced by the issuance of what is effectively an injunction against their deposition on an accelerated schedule in the absence of a hearing before the Court.

WHEREFORE, for the reasons stated above, and for good cause shown, Lilly's Motion for Expedited Consideration should be DENIED.

                                        Respectfully submitted,

                                        AARON M. LEVINE & ASSOCIATES

                                        /s/ Aaron M. Levine
                                      AARON M. LEVINE, #7864
                                      1320 19th Street, N.W.
                                      Suite 500
                                      Washington, DC   20036
                                      202-833-8040

                                      Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA STANTON, et al.,** | ] |
| Plaintiffs, | ] |
| v. | ] Civil Action No.: 08-00022 (RBW) |
| **ELI LILLY AND COMPANY, et al.,** | ] |
| Defendants. | ] |

### (PROPOSED) ORDER

**UPON CONSIDERATION** of Defendant Eli Lilly and Company's Motion for Expedited Consideration, Plaintiff's Opposition thereto, and for good cause shown, it is hereby

ORDERED that Defendant's Motion is DENIED.

Dated _____, 2008.

_____
The Honorable Reggie B. Walton
United States District Court Judge