UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

PATRICIA STANTON and STEVEN STANTON
12 Billings Park Newton, MA 02458,

    Plaintiffs,

                                 Civil Action No. 1:08-00022-RBW

        v.

ELI LILLY AND COMPANY, *et al.*
including SANOFI-AVENTIS as successor-
in-interest to William H. Rorer, Inc.
55 Corporate Drive
Bridgewater, New Jersey 08807,

    Defendants.

**MEMORANDUM OF DEFENDANT SANOFI-AVENTIS PHARMACEUTICALS, INC., JOINING DEFENDANT ELI LILLY'S EMERGENCY MOTION FOR EXPEDITED CONSIDERATION AND FOR A PROTECTIVE ORDER**

Defendant Sanofi-Aventis Pharmaceuticals, Inc., F/K/A Rhone-Poulenc Rorer Pharmaceuticals, Inc., a Successor In Interest To William H. Rorer, Inc., by its attorneys McGivney & Kluger, P.C., submits this Memorandum in support of defendant Eli Lilly & Company's Motion for Expedited Consideration of its Motion for a Protective Order regarding the proposed *de bene esse* deposition of Ms. Helen Lashenick. We also join the Motion for a Protective Order.

Plaintiffs' counsel asserts, in its statement in opposition to the instant motion, that "[t]here has been no objection to this deposition by any of the other defendants in this case." While it may be "factually accurate" to state that no defendant had previously *filed* an objection, that does not tell the whole story. Frankly, we chose to not *file* papers because the present motion and related filings on behalf of the movant appeared to accurately and succinctly state the case for a protective order, and expedited consideration thereof. We also suspected the Court

1

would appreciate receiving *fewer* papers on this motion, the considerations governing which are relatively straightforward.

However, since plaintiffs' counsel asked, we join in the motions and add these comments. The suggestion that the movant's counsel, or any defense attorney, wishes to "run the clock" against a witness who is over 80 years old and has a serious medical condition, is beyond the pale. The allegation that anyone is seeking to "wear down" this witness by an unduly long examination is similarly unfounded. Here, the Court may choose to apply the doctrine of *res ipsa loquitur.*

To be sure, the distinction between a "discovery" and a "trial" deposition may not be of great moment for a witness who is, we assume, within plaintiffs' "control" and would otherwise testify voluntarily on behalf of plaintiffs at trial. *See, e.g.,* Tatman v. Collins, 938 F.2d 509, 511 (4th Cir. 1991); Bouygues Telecom, S.A. v. Tekelec, Inc., 238 F.R.D. 413, 414 (E.D.N.C. 2006). But it is plaintiffs' counsel who has engendered confusion by the manner and timing of the deposition notice. Two questions remain unanswered in plaintiffs' submissions. First, why do we need to take this deposition presently, with no discovery from the plaintiffs other than the one-page statement from the witness? Second, what type of examination will plaintiffs stipulate defendants may conduct, or will the record be filled with objections as to procedure?

As to the question of "why now," it is plaintiffs who have chosen to propound this witness' testimony at this time. As the Court is no doubt aware, counsel representing plaintiffs and defendants in toxic tort matters routinely take expedited depositions of plaintiffs with serious medical conditions such as mesothelioma on an expedited basis. Sometimes, those are taken in hospital rooms where patients have to have their dosage of pain medication reduced so they have their faculties during testimony. Plaintiffs' counsel in those cases usually provides answers to

interrogatories and available medical records both to facilitate the deposition process and to justify the expedited proceedings.

To our knowledge, and even though this witness is not the plaintiff, no supporting discovery has occurred in the present matter. Even records concerning the plaintiff herself, which we presume are in plaintiffs' counsel's possession, have not been provided. Moreover, plaintiffs' counsel has changed the location of the deposition from the assisted living facility where the witness resides, to an attorney's office (compare, Lilly Exhs. 2 and 4) a few miles away. Therefore, we presume that the witness is well-enough that she can be away from her home facility for a period of time.

As to the nature of the examination, all counsel no doubt will be respectful of the witness and do not seek to burden her. But, as noted, we have virtually no information about her condition. The issue is what type of cross-examination, in both form and length, defendants are going to be able to pursue without numerous objections. For example, will plaintiffs' counsel stipulate that the scope of plaintiffs' "direct" examination will not limit the scope of defendants' cross-examination? When, and on what basis, will plaintiffs' counsel contend that the witness is being "worn down" by the length of the examination?

Were plaintiffs' counsel to have addressed these issues, instead of hurling brickbats at movant's counsel, the deposition would likely proceed at an appropriate time following some initial discovery. Plaintiffs' counsel suggests as a palliative that defendants may take a further deposition of the witness should her health permit at a subsequent time. Respectfully, this puts the cart before the horse. It is that 'further' deposition that should proceed first, supported by appropriate discovery, to be followed by recorded "trial" testimony.

We respectfully urge the Court to seek answers to these questions, and accordingly grant the motions for expedited hearing and for a protective order.

    Respectfully submitted,

    McGIVNEY & KLUGER, P.C.
    23 Vreeland Road
    Suite 220
    Florham Park, New Jersey 07932
    (973) 822-1110
    Attorneys for defendant Sanofi-Aventis f/k/a
    Rhone-Poulenc Rorer Pharmaceuticals, Inc., a
    successor in interest to William H. Rorer, Inc.

    By: *William D. Sanders*
        William D. Sanders

Dated: February 25, 2008