UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Patricia Stanton, et al., )
      Plaintiffs, )
v. )   Case 08-00022 (RBW)
Eli Lilly & Company, et al., )
      Defendants )

**ANSWER OF DEFENDANT KREMERS-URBAN CO.**

Defendant KREMERS-URBAN CO., now known as Mequon Company, ("Kremers-Urban") by its attorneys, JACKSON & CAMPBELL, P.C., answer the Complaint of the plaintiff herein as follows:

1. Defendant Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. To the extent that the allegations of this paragraph are directed to defendant Kremers-Urban, they are denied. Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 2 of the Complaint.

**COUNT I**
**(Patricia Stanton – Negligent Failure to Warn)**

3. Defendant Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 1 of the Complaint. In answer to the third sentence of this paragraph, Kremers-Urban admits that it manufactured, formulated, marketed, sold and distributed DES in the period 1947 through 1962,

657139v.1

and denies the remaining averments of the third sentence of paragraph 3 of the Complaint directed to it. Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in the third sentence of paragraph 3 of the Complaint.

4.     The averments contained in paragraph 4 of the Complaint pertain to plaintiffs' legal theories, to which no answer is required. To the extent that an answer is deemed to be required, they are denied.

5.     To the extent that the allegations contained in paragraph 5 of the Complaint are directed to Kremers-Urban, they are denied.

6.     Kremers-Urban denies any negligence, and denies that any of the injuries or damages alleged in paragraph 6 of the Complaint resulted from any act or omission of Kremers-Urban. Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint.

### COUNT II
**(Patricia Stanton – Negligent Failure to Test)**

7.     Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 6, inclusive, of the Complaint as if fully set forth herein.

8 - 10.     To the extent that the allegations of these paragraphs are directed to defendant Kremers-Urban, they are denied. Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraphs 8 through 10, inclusive, of the Complaint.

### COUNT III
**(Patricia Stanton – Strict Liability)**

11.     Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 10, inclusive, of the Complaint as if fully set forth

herein.

12.   Kremers-Urban denies the averments of paragraph 12 of the Complaint.

13.   Kremers-Urban admits that it manufactured, formulated, marketed, sold and distributed DES in the period 1947 through 1962, and denies the remaining averments of paragraph 13 of the Complaint directed to it. To the extent that the averments of paragraph 13 of the Complaint are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

14.   Defendant Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first clause of the sentence contained in paragraph 52 of the Complaint. To the extent that the allegations contained in the second clause of this sentence are directed to Kremers-Urban, they are denied. To the extent that the averments of the second clause of this sentence are directed to parties other than Kremers-Urban, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

15 - 17.   To the extent that the averments of paragraphs 15 through 17, inclusive, of the Complaint are directed to Kremers-Urban, they are denied. To the extent that these allegations are directed to other parties, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

18.   Denied.

## COUNT IV
**(Patricia Stanton – Breach of Warranty)**

19. Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 18, inclusive, of the Complaint as if fully set forth herein.

21 - 23. To the extent that the averments of paragraphs 21 through 23, inclusive, of the Complaint are directed to Kremers-Urban, they are denied. To the extent that these allegations are directed to other parties, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

## COUNT V
**(Patricia Stanton – Misrepresentation)**

24. Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 23, inclusive, of the Complaint as if fully set forth herein.

25. To the extent that the averments of paragraph 25 of the Complaint are directed to Kremers-Urban, they are denied. To the extent that these allegations are directed to other parties, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of those averments.

26. Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. To the extent that the averments of paragraph 27 of the Complaint are directed to Kremers-Urban, they are denied. To the extent that these allegations are directed to other parties, no answer is required of this Defendant. To the extent that an answer is deemed required, Kremers-Urban states that it is without knowledge or information sufficient to form a belief as to the truth of

those averments.

28. Denied.

## COUNT VI
### (Steven Stanton – Loss of Consortium)

Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 28, inclusive, of the Complaint as if fully set forth herein.

29. Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 29 of the Complaint. Kremers-Urban denies the allegations contained in the second sentence of this paragraph.

All allegations not hereinabove expressly admitted, qualified or denied, are denied.

## AFFIRMATIVE DEFENSES

By way of further answer, Defendant Kremers-Urban asserts the following Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against Kremers-Urban.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Limitations and/or by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom complete relief cannot be accorded among those already parties and without whom, in equity and fairness, this action should not proceed.

657139v.1

### FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs sustained any injuries or damages as alleged in the Complaint, these injuries or damages were caused in whole or in part by other intervening causes and, therefore, Kremers-Urban is not liable.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs suffered any injuries or damages as alleged in the Complaint, these injuries or damages were caused in whole or in part by acts or omissions of another or others over whom Kremers-Urban had no control or right of control, whose conduct Kremers-Urban had no reason or opportunity to anticipate, and for whose conduct Kremers-Urban is not responsible and cannot be held liable.

### SIXTH AFFIRMATIVE DEFENSE

With respect to any causes of action based on alleged breaches of express or implied warranties, these causes of action are barred due to lack of privity between plaintiffs and Kremers-Urban.

### SEVENTH AFFIRMATIVE DEFENSE

With respect to any causes of action based on alleged breaches of any warranties of merchantability or fitness for a particular purpose, these causes of action are barred by the disclaimer of the manufactured product.

### EIGHTH AFFIRMATIVE DEFENSE

With respect to any causes of action based on alleged breaches of express or implied warranties, no timely notice was given of any alleged breach of warranty and, therefore, plaintiffs' warranty claims are barred.

### NINTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint

were caused by a drug manufactured or marketed by Kremers-Urban, such injuries were the result of an idiosyncratic reaction to the product.

### TENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs sustained injuries, they resulted from pre-existing and unrelated medical, genetic and/or environmental conditions, diseases or illnesses of the allegedly DES-exposed plaintiff Patricia Stanton or her mother.

### ELEVENTH AFFIRMATIVE DEFENSE

Based on the then state of scientific research, Kremers-Urban could not have reasonably acquired knowledge of the alleged consequences of the use by any plaintiff's mother of the product in question, and, therefore, acted in good faith and without such knowledge.

### TWELFTH AFFIRMATIVE DEFENSE

At all times relevant, Kremers-Urban exercised reasonable care with respect to any product at issue and acted in accordance with the state of the art and knowledge of the scientific community.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owned to the allegedly DES-exposed plaintiff by Kremers-Urban at the time plaintiff's mother allegedly used the DES referred to in the Complaint or by reason of the doctrine *en ventre sa mere*, and, therefore, plaintiffs have failed to allege facts sufficient to state a cause of action upon which relief can be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages plaintiffs may have sustained were caused by the allegedly DES-exposed plaintiff's own

negligence or that of such plaintiff's mother.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has been unable to identify Kremers-Urban as the company causing the alleged injuries, and, therefore, has failed to state a cause of action upon which relief may be granted.

### SIXTEENTH AFFIRMATIVE DEFENSE

If in fact the allegedly DES-exposed plaintiff's mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by Kremers-Urban or its distributors.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if plaintiffs suffered any injuries as alleged in the Complaint, said injuries were the result of plaintiffs' own culpable conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if plaintiffs suffered any injuries as alleged in the Complaint, said injuries were the result of the allegedly DES-exposed plaintiff's mother's culpable conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

The federal government has preempted the field of law applicable to prescription drug products, such as the DES referred to in the Complaint and, therefore, the labeling, manufacture, distribution and sale of this drug were controlled by federal law. Since Kremers-Urban, in its manufacture, labeling and sale of said drug was in compliance with the applicable federal law, the Complaint fails to state a cause of action upon which relief may be granted in

that if upheld, such a cause of action would frustrate the effectiveness of federal law regulating the field of prescription drugs constituting an invalid burden on interstate commerce violating the Supremacy Clause and the Commerce Clause of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted in that plaintiff has failed to identify the manufacturer of the alleged injury causing DES, and, accordingly, plaintiff's asserted causes of action, if upheld, contravene Kremers-Urban's constitutional rights to substantive and procedural due process and constitutes a taking of private property for a public use without just compensation, all of which contravene Kremers-Urban's constitutional rights under the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If it is judicially determined that this Defendant is liable for any injuries sustained by plaintiff, which is denied, then Kremers-Urban states that any injuries so sustained were caused, in whole or in part, by such plaintiff's own negligence and/or fault, thereby barring plaintiff from any recovery from this Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting the causes of action contained in the Complaint because plaintiffs have suffered no legal damages in that if the allegedly DES-exposed plaintiff's mother used the allegedly injury causing drug during her pregnancy with plaintiff Patricia Stanton, then its use was responsible for the birth of that plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

On information and belief, the allegedly DES-exposed plaintiff's mother knowingly and voluntarily assumed any alleged risk inherent in the consump-

657139v.1

tion or use of the DES referred to in the Complaint with respect to themselves and their offspring.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The methods, standards and techniques of designing, testing, manufacturing, packaging, labeling, marketing, handling, distributing and selling of the products referred to in the second amended complaint were determined and applied in conformity with the generally recognized state of the art at the time these products were designed, tested, manufactured, packaged, labeled, marketed, handled, distributed and sold.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the learned intermediary doctrine, and plaintiff is therefore not entitled to recover anything from this Defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Kremers-Urban never manufactured, produced, marketed, purchased, sold, distributed or promoted DES in New York State, where plaintiff resides. Accordingly, any DES ingested by the allegedly DES-exposed plaintiff's mother could not have been a Kremers-Urban product, nor could it have been purchased from or through the efforts of Kremers-Urban.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any past or future costs or expenses incurred or to be incurred by plaintiffs for economic loss have been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source.

#### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent plaintiff has settled with any of the defendants, Kremers-Urban's liability is reduced accordingly.

#### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Complaint fails to plead misrepresentation with the requisite particularity and should be dismissed.

#### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages is barred by the due process clauses of the Fourteenth Amendment to the United States Constitution.

#### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution.

#### THIRTY-SECOND AFFIRMATIVE DEFENSE

Kremers-Urban incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses which become available during discovery or trial.

WHEREFORE, defendant, Kremers-Urban Company, demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

DATED:    February 25, 2008

657139v.1

Respectfully submitted,

Jackson & Campbell, P.C.


　　/s/ Robert N. Kelly
_____
Robert N. Kelly, DC Bar No. 287276
1120 20th Street N.W.
Suite 300-South
Washington, DC 20036
(202) 457-1600
(202) 457-1678 fax
rkelly@jackscamp.com

Attorneys for Defendant
Kremers-Urban Company

657139v.1

## CERTIFICATE OF SERVICE

I, Robert N. Kelly, hereby certify that a true and accurate copy of the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF system, this 25th day of February, 2008, which sent notification of such filing to all counsel of record listed below:

| | |
|---|---|
| Aaron M. Levine<br>AARON M. LEVINE & ASSOCIATES<br>1320 19th Street NW, Suite 500<br>Washington, DC  20036<br>**Attorneys for Plaintiffs** | Jennifer G. Levy<br>KIRKLAND & ELLIS, LLP<br>655 Fifteenth Street NW, Suite 1200<br>Washington, DC  20005<br>**Attorneys for Abbott Laboratories** |
| Sidney G. Leech<br>GOODELL, DeVRIES, LEECH & DANN<br>One South Street, 20th Floor<br>Baltimore, MD  21202<br>**Attorneys for Bristol Myers Squibb Company** | John F. Anderson<br>TROUTMAN SANDERS, LLP<br>1660 International Drive, Suite 600<br>McLean, VA  22102<br>**Attorneys for Dart Industries, Inc.** |
| Harold M. Walter<br>TYDINGS & ROSENBERG, LLP<br>100 East Pratt Street, Suite 2600<br>Baltimore, MD  21202<br>**Attorneys for Elan Pharmaceuticals** | Janet K. Coleman<br>WHITNEY & BOGRIS, LLP<br>401 Washington Ave., 12th Floor<br>Towson, MD  21204<br>**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.** |
| Judith L. O'Grady<br>SHOOK HARDY & BACON, LLP<br>600 14th Street NW, Suite 800<br>Washington, DC  20005<br>**Attorneys for Eli Lilly & Company** | Kathleen M. Bustraan<br>LORD & WHIP, PA<br>36 South Charles Street, 10th Floor<br>Baltimore, MD  21201<br>**Attorneys for Lannett Company** |
| Elizabeth Ewert<br>DRINKER BIDDLE & REATH, LLP<br>1500 K Street NW, Suite 1100<br>Washington, DC  20005<br>**Attorneys for Merck & Co. and Pharmacia and UpJohn Co.** | Sean C.E. McDonough<br>David D. Hudgins<br>HUDGINS LAW FIRM<br>515 King Street, Suite 400<br>Alexandria, VA  22314<br>**Attorneys for Person & Covey** |
| Sarah S. Keast<br>GOODWIN & PROCTOR, LLP<br>901 New York Ave. NW, Suite 900<br>Washington, DC  20001<br>**Attorneys for Premo Phamaceutical Laboratories, Inc.** | William David Sanders<br>McGIVNEY & KLUGER, PC<br>23 Vreeland Avenue, Suite 220<br>Florham Park, NJ  07932<br>**Attorneys for Sanofi Aventis** |

          /s/ Robert N. Kelly          
**ATTORNEY FOR DEFENDANT**
**KREMERS-URBAN CO.**

657139v.1

Case 1:08-cv-00022-RCL    Document 48    Filed 02/25/2008    Page 14 of 14

657139v.1